William H. WIGGINS, Jr., Appellant,

v.

Bruce CAMERON, M.D., Appellee.

No. C14–87–606–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 30, 1988.

Steve Gano, Houston, for appellant.

Jay H. Henderson, Sam W. Cruse, Jr., John R. Strawn, Jr., Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a take-nothing judgment rendered in Appellant's medical malpractice suit for injuries sustained as a result of surgery performed by Appellee. We affirm.

Appellant sought treatment for a large mass behind his right knee. Appellee performed a number of diagnostic procedures to determine the nature of the mass and finally performed exploratory surgery on the knee. During surgery, Appellee discovered that the mass was composed of scar tissue which enveloped the peroneal nerve and pushed it against the bicep muscle in the back of Appellant's knee. Fol-

lowing the surgery, Appellant experienced a loss of the motor function of the muscles that raise the foot, a condition commonly known as "drop foot." Drop foot is caused by damage or injury to the peroneal nerve which interferes with the nerve's conductivity.

Appellee testified at trial that Appellant's injury was probably caused by damage to the peroneal nerve during the exploratory surgery, but explained that even touching the nerve can cause the condition. He further testified that damage to the peroneal nerve is recognized and accepted as a complication of this type of surgery, and that damage may occur despite the surgeon's exercise of ordinary care. Appellant offered no expert testimony.

Appellant asserts four points of error concerning the submission of Special Issue No. 1. In his first point of error, Appellant contends the special issue was duplicitous and required an affirmative finding on two separate questions of fact before the jury could answer the issue affirmatively. In his second point of error, Appellant maintains the trial court erred in submitting this special issue to the jury rather than his requested special issue. In his fourth point of error, Appellant contends the trial court erred in entering judgment on the jury's response to Special Issue No. 1 and overruling Appellant's Motion for New Trial because Special Issue No. 1 was improper.

Special Issue No. 1 reads:

Do you find from a preponderance of the evidence that Dr. Cameron, during surgery, cut and damaged the nerves in Plaintiff's right lower extremety [sic] thereby producing a "drop foot"?
Answer: "Yes" or "No".
ANSWER: *No*

Appellant's Specially Requested Special Issue reads:

On the occasion in question, did Dr. Cameron damage the peroneal nerve in Mr. Wiggins' right leg?
Answer: "Yes" or "No".
ANSWER _____

█ Rule 279 of the Texas Rules of Civil Procedure provides in relevant part

that, "When the court submits a case upon special issues, he shall submit the controlling issues made by the written pleadings and the evidence." TEX.R.CIV.P. 279 (Vernon 1977). Upon request, the trial court must submit all controlling issues raised by the pleadings and evidence; however, an undisputed proposition of fact need not be submitted. *Martin v. U.S. Trust Co. of N.Y.*, 690 S.W.2d 300, 310 (Tex.App.—Dallas 1985, writ ref'd. n.r.e.). The special issue submitted to the jury tracked the allegations in Appellant's First Amended Original Petition. The petition alleged that, "Defendant during surgery *cut and damaged* the nerves in plaintiff's right extremety [sic] thereby producing a 'drop foot'." (Emphasis added.) It was undisputed at trial that the nerve was damaged during the surgery performed by Appellee. It is clear that Appellant alleged that Appellee "cut and damaged" the nerve as one theory rather than as alternative theories of the case. Therefore, whether Appellee "cut *and* damaged" the peroneal nerve was the controlling issue to be submitted to the jury.

█ Further, the only expert testimony offered at trial was that of Appellee. Appellant did not offer any expert testimony to contradict Appellee's testimony or to establish that Appellee's treatment fell below the required standard of care. In order to establish a cause of action in a medical malpractice case, the plaintiff has the burden to introduce expert testimony to prove that the defendant physician's diagnosis or treatment constituted negligence which was a proximate cause of the injuries. *Hart v. Van Zandt*, 399 S.W.2d 791, 797 (Tex.1965); *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779, 782 (1949). Requested issues are properly refused when they are not supported by competent evidence. *PGP Gas Products, Inc. v. Reserve Equipment, Inc.*, 667 S.W.2d 604, 609 (Tex. App.—Austin 1984, writ ref'd n.r.e.); *Ladd v. Knowles*, 505 S.W.2d 662, 669 (Tex.Civ. App.—Amarillo 1974, writ ref'd n.r.e.).

Rule 279 requires that requested special issues be tendered to the court in "substantially correct wording". TEX.R.CIV.P. 279

**436**

(Vernon 1977). This requires that the requested issue be one that "in substance and in the main is correct, *and that is not affirmatively incorrect.*" *Placencio v. Allied Indust. Intern., Inc.*, 724 S.W.2d 20, 21 (Tex.1987), *quoting Modica v. Howard*, 161 S.W.2d 1093, 1094 (Tex.Civ.App.—Beaumont 1942, no writ.). An instruction that fails to properly instruct the jury on the burden of proof is erroneous. *Villareal v. Reza*, 236 S.W.2d 239, 241 (Tex.Civ.App.—San Antonio 1951, no writ).

■ The issue submitted by Appellant failed to properly place the burden of proof on Appellant and thus was not in substantially correct form. Therefore, Appellant waived any error in the trial court's denial of his requested special issue. TEX.R.CIV.P. 279 (Vernon 1977). The special issue submitted to the jury properly submitted the controlling issue raised by the pleadings and the evidence. The trial court properly entered judgment based upon the jury's answer to Special Issue No. 1 and properly denied Appellant's Motion for New Trial. TEX.R.CIV.P. 301. Points of error one and two and four are overruled.

■ In point of error three, Appellant asserts the trial court erred in its answer to the jury's request for clarification of the phrase "cut and damaged" in Special Issue No. 1.

During its deliberations, the jury requested that the court confirm that the phrase "cut and damaged" in Special Issue No. 1 was correct and was not intended to be "cut or damaged". The court referred the jury to the charge and instructed it to continue its deliberations. Appellant maintains that the trial court should have instructed the jury that the phrase should be construed disjunctively as cut *or* damaged and that its failure to so instruct the jury was reversible error. However, Appellant did not state a cause of action for damages sustained by Appellee cutting or damaging the nerve, and further, the only expert testimony established that such damage was a possible result of the surgery even in the absence of negligence.

Special Issue No. 1 correctly submitted the controlling issue to the jury. There-

fore, the trial court's failure to give the instruction Appellant argues it should have given was not error. Further, the trial court's response clearly was not of such a nature as to influence the jury's deliberations and the response was not improper. *See Martin v. U.S. Trust Co.*, 690 S.W.2d at 309. Point of error three is overruled.

Appellee has asserted two cross points contending that even if the trial court erred in submitting Special Issue No. 1 rather than Appellant's requested special issue, the error was harmless in light of the jury's finding of no damages, and Appellee was entitled to a directed verdict. Our disposition of Appellant's points of error makes it unnecessary to address these cross points.

Accordingly, the judgment of the trial court is affirmed.