Richard TREVINO, et al., Appellants,

v.

HOUSTON ORTHOPEDIC CENTER, et al., Appellees.

No. A14–88–643–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 16, 1989.

John W. Donovan, Houston, for appellants.

Steven A. Wisch, Steve Gonzalez, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

This is an appeal from summary judgments in favor of appellees, Houston Orthopedic Center and Dr. Thomas S. Padgett, defendants in a medical malpractice suit. Dr. Padgett supported his motion for summary judgment with his own affidavit as a medical expert in which he explains

the applicable standard of care prevalent in Harris County, states that he acted in accordance with that standard of care, and denies any negligence in his treatment of David M. Trevino's fractured leg, which developed infection after surgery. Appellants did not controvert Dr. Padgett's affidavit with sworn, medical testimony favoring their position, but they allege that Dr. Padgett's affidavit is insufficient as a matter of law to negate the allegations of malpractice set forth in their petition. The trial court also granted summary judgment to Dr. John J. DeBender, another physician associated with Houston Orthopedic Center; however, appellants do not appeal that judgment. The trial court viewed its finding of no negligence on the parts of Drs. Padgett and DeBender as a bar to imposing vicarious liability upon Houston Orthopedic Center under the basis of respondeat superior, and it granted summary judgment for the Center. We reverse both summary judgments.

At age 16, appellant David M. Trevino suffered a broken leg at football practice. While running a reverse pattern, he was tackled at the knees. Upon examination, Dr. Padgett diagnosed the injury as a fractured left distal femur, and he performed a closed reduction of the fracture and percutaneously pinned the femur epiphysis under general anesthetic. According to Dr. Padgett's affidavit, this is the standard of care in Harris County for treating a fractured distal femur, and the standard in Harris County for follow-up care is to prescribe oral and parenteral antibiotics, and resect any drainage from the wound site. "This is how I treated David M. Trevino," Dr. Padgett stated in his sworn affidavit.

■ In a medical malpractice suit, because the trier of fact must be guided by the opinion testimony of experts, *Hart v. Van Zandt*, 399 S.W.2d 791, 792 (Tex. 1965), a defendant physician can obtain summary judgment based on his or her uncontroverted testimonial evidence if he establishes, as a matter of law, that there exists no genuine issue of material fact as to one or more elements of the plaintiff's cause of action. TEX.R.CIV.P. 166a(c); *Gibbs v. Gen. Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Wheeler v. Aldama–Luebbert*, 707 S.W.2d 213, 215 (Tex.App.—Houston [1st Dist.] 1986, no writ).

Tex.R.Civ.P. 166a(c) in material part provides:

A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, *if the evidence is clear, positive and direct,* otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. (Emphasis added.)

Once the defendant has negated, as a matter of law, such elements of the plaintiff's cause of action, the plaintiff has the burden to introduce expert testimony to prove that the defendant physician's diagnosis or treatment constituted negligence which was a proximate cause of the injuries. *See Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779, 782 (1949); *Wiggins v. Cameron,* 763 S.W.2d 434, 435 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

However, in this case, we do not find that Dr. Padgett's affidavit evidence showed as a matter of law that he was not negligent. Especially troublesome is the lack of specificity in his reply to appellants' allegations of negligence during the two-and-a-half years he treated appellant's infected leg following the closed reduction surgery in September, 1979. In appellants' First Amended Original Petition, they allege as a proximate cause of injury and damage, taken separately and collectively, that Dr. Padgett was negligent:

a. In using equipment that was not sterile and infected David M. Trevino;

b. In not diagnosing an infection for three months after the onset of signs of infection;

c. In not taking proper and adequate measures to control the infection in David M. Trevino's left knee once it was discovered;

d. In not removing all of the draining sinus around the left knee during the July 29, 1980 surgery;

e. In not referring David M. Trevino to another physician for a different opinion for 1½ years;

f. In recommending postponement of additional surgery on David M. Trevino for over two years with a continuous infection;

g. In releasing David M. Trevino on February 19, 1982 when his left knee was still draining at the July 29, 1980 incision site.

Additionally, appellant offered extensive medical records, properly admissible as evidence under Tex.R.Civ.Evid. 803(6), which reveal that Dr. Padgett performed two additional operations in the twelve months following the closed reduction procedure: in February, 1980, he manipulated young Trevino's left knee under anesthetic; in August, 1980, he *surgically* removed the sinus track, scraped the underlying bone, and inserted inflow-outflow catheters. Dr. Padgett treated young Trevino on some thirty additional, follow-up visits, and several times he cauterized the wound with silver nitrate. In his affidavit, Dr. Padgett does not mention the additional procedures he performed on young Trevino, nor does he reveal with any degree of specificity the standard of care for such treatment in Harris County. Rather, he relies on his denial of "each and every allegation of negligence in the Plaintiff's Original Petition" and a more general denial of "any negligence whatsoever during the course of my treatment of David M. Trevino." We find that, when faced with the particularized allegations in appellants' First Amended Original Petition and such detailed medical records involving subsequent procedures and treatment, the affidavit by Dr. Padgett is insufficient to negate the allegations of negligence so as to shift the burden to appellants to come forward with competent expert testimony to controvert the affidavit evidence. Because summary judgment is such a harsh procedure, we must hold the affidavit on which it is based to strict standards. The affidavit here does not with sufficient specificity include the other fol-low-up care procedures within the ambit of the standard of care it articulates. Because of that deficiency, it cannot support a summary judgment.

Dr. Padgett's affidavit also fails to specifically address the allegation in appellants' First Amended Original Petition that he was negligent in performing a closed reduction, for which he did not obtain consent, rather than the open reduction for which consent was given. Appellants' second point of error raises the alleged lack of informed consent or misrepresentation. In their brief, appellees reply that the closed reduction procedure which Dr. Padgett performed is included on List "B," promulgated by the Texas Medical Disclosure Panel, pursuant to Tex.Rev.Civ.Stat.Ann. art. 4590i, thus the law did not require disclosure of inherent risks and hazards. TEX. REV.CIV.STAT.ANN. art. 4590i §§ 6.04, 6.06 (Vernon Supp.1988); Tex. Dep't of Health, 3 Tex.Reg. 4294–4295 (1978); *see Peterson v. Shields*, 652 S.W.2d 929, 931 (Tex.1983). On the other hand, the open reduction procedure for which consent was given is a List "A" procedure that requires disclosure. *Id.* The argument could be made that by consenting to a procedure that presumably hazards greater risk, one impliedly consents to less dangerous alternative surgery that seeks to remedy the operable condition. Or does the practice of performing a different operation than what is specifically consented to deny the patient's right to decide what may be done to his own body? *Andrews v. Ballard*, 498 F.Supp. 1038 (S.D.Tex.1980). We do not reach that question, nor whether appellants showed they would not have consented to the procedure actually performed, nor whether they properly raised the issue of the proximate cause of the alleged misrepresentation, because Dr. Padgett's affidavit, as a whole, does not negate the negligence alleged.

■ Finally, appellee Houston Orthopedic Center claims that appellants' failure to file a response to its motion for summary judgment waives any alleged error with respect to the summary judgment in favor of the Center. We disagree. When an appellant does not file a response, he is confined to asserting that the summary

**518**

judgment is insufficient as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). "While it would be prudent and helpful to the trial court for the non-movant always to file an answer or response, the non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment. The non-movant, however, may not raise any *other* issues as grounds for reversal." *Id.* (Emphasis in original.)

The Center alleged as its sole ground for summary judgment that no genuine issue of material fact existed because the trial court already had acquitted "its agents, servants, and/or employees," Drs. Padgett and DeBender; the suit against the Center was barred on the ground of respondeat superior. *Knutson v. Morton Foods, Inc.*, 603 S.W.2d 805 (Tex.1980). Appellant seeks reversal on the very ground the trial court granted summary judgment. Because Dr. Padgett's affidavit fails to specifically negate appellants' allegations of negligence, under the doctrine of respondeat superior, we necessarily find that the summary judgment in favor of the Center cannot stand.

We reverse the summary judgments and remand for a trial on the merits.