Alain LeNOTRE and Marie LeNotre, As next friends of Gaston George LeNotre, and Gaston George LeNotre, Individually, Appellants,

v.

Kenneth E. COHEN, M.D., Appellee.

No. 14–96–01386–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 15, 1998.

Rehearing Overruled Nov. 19, 1998.

Keith T. Gilbert, Houston, for appellants.

Joseph R. Alexander, Jr., T. Christopher Trent, Shannon Phillips Davis, Houston, for appellee.

Before AMIDEI, CANNON and SMITH,[1] JJ.

## OPINION

AMIDEI, Justice.

Appellants, Alain, Marie, and Gaston LeNotre (collectively "the LeNotres"), appeal from a summary judgment in favor of appellee, Kenneth E. Cohen, M.D. In one point of error, appellants allege the trial court erred in granting summary judgment because appellee (1) did not provide sufficient notice of the hearing on the motion; (2) did not address all claims raised in the first amended original petition; (3) presented insufficient summary judgment proof; and (4) did not defeat summary judgment proof, which es-

tablished the existence of a fact issue. We reverse and remand.

Cohen, a pediatrician, saw Gaston LeNotre and Gaston's mother on Monday, November 1, concerning complaints that Gaston had a fever and a poor appetite. Cohen examined Gaston and reported that the physical examination was unremarkable except for some tenderness around the umbilicus. Based on Gaston's present medical history and the physical examination, Cohen diagnosed Gaston with gastroenteritis and recommended a clear liquid diet and bland food. Cohen further advised Gaston's mother to monitor his symptoms and to return to the office if the symptoms worsened or new symptoms arose.

The following morning, Gaston's father called Cohen's office to report that Gaston was not taking clear liquids and was lethargic. Cohen's staff made an appointment for Gaston with Cohen for that afternoon. Gaston's mother called back and requested an earlier appointment. Cohen's staff instructed Gaston's mother to bring him to the office immediately for a blood test and an examination by another physician because Cohen was out of the office. Instead, Gaston's mother canceled the appointment and took him to the emergency room of a local hospital, where hospital staff determined Gaston had appendicitis and performed emergency surgery to remove his appendix.

The LeNotres brought a negligence cause of action against Cohen for failing to use adequate procedures to diagnose Gaston's condition. Cohen answered by a general denial and moved for summary judgment, which the trial court granted.

### I. STANDARD OF REVIEW

An appellate court applies the following in reviewing a summary judgment:

1.  the movant has the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law;

2.  in deciding whether a disputed material fact issue precludes summary judgment, the court must take evidence favorable to the non-movant as true;

1. Senior Justices Bill Cannon and Jackson B. Smith Jr., sitting by assignment.

3. the court must indulge every reasonable inference in favor of the non-movant and resolve any doubts in its favor.

*See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

## II. INSUFFICIENT NOTICE OF HEARING

The LeNotres first contend Cohen did not provide sufficient notice of the hearing on his motion for summary judgment. Cohen filed his motion for summary judgment and notice of oral hearing with the trial court on June 19, 1996, and delivered the motion and notice to the LeNotres' trial attorney on the same day. The notice set the oral hearing for July 11, 1996, twenty-two days after filing. On June 27, 1996, Cohen amended the notice and served the LeNotres' trial attorney with the amended notice by registered or certified mail. The amended notice set the hearing for July 18, 1996, twenty-one days after filing. The LeNotres contend they were entitled to twenty-four days notice because Cohen mailed the amended notice, instead of hand delivering it to their attorney's office.

■ Rule 166a of the Texas Rules of Civil Procedure requires that a party serve notice of a summary judgment hearing on opposing counsel at least twenty-one days before the hearing date. TEX.R. CIV. P. 166a(c). Rule 21a of the rules of civil procedure provides, in pertinent part, whenever a party is required to do some act within a prescribed period after service of notice and notice is served by mail, three days shall be added to the prescribed period. *See* R. 21a. The "mailbox rule" of rule 21a applies to a motion for summary judgment served by mail. *See Lewis v. Blake,* 876 S.W.2d 314 (Tex.1994).

■ The twenty-one-day requirement from notice to hearing, however, does not apply to a resetting of the hearing, provided the nonmovant received notice twenty-one days before the original hearing. *See Birdwell v. Texins Credit Union,* 843 S.W.2d 246, 250 (Tex.App.—Texarkana 1992, no writ). The reasoning behind the twenty-one day requirement in rule 166a(c) is to give the nonmovant sufficient time to prepare and file a response for the original setting. *See Brown v. Capital Bank, N.A.,* 703 S.W.2d

231, 233 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). By rescheduling a hearing, the movant is actually giving the nonmovant additional time to respond. *Id.* Therefore, a party need only give reasonable notice that a hearing on a summary judgment has been rescheduled. *See Int'l Ins. Co. v. Herman G. West, Inc.,* 649 S.W.2d 824, 825 (Tex.App.—Fort Worth 1983, no writ). Reasonable notice, however, means at least seven days before the hearing on the motion because a nonmovant may only file a response to a motion for summary judgment not later than seven days prior to the date of the hearing without leave of court. *See id.;* TEX. R. CIV. P. 166a(c).

■ In this case, Cohen gave the LeNotres twenty-two days notice of the original hearing, well within the twenty-one day requirement of rule 166a(c). Because Cohen gave adequate notice of the original hearing, he was only required to give the LeNotres seven days notice of the rescheduled hearing. Cohen, however, gave the LeNotres twenty-one days notice of the rescheduled hearing. Even under the mailbox rule, the notice was more than reasonable. The trial court did not err in overruling the LeNotres' objection regarding insufficient notice.

## III. GROUNDS FOR SUMMARY JUDGMENT STATED IN MOTION

■ Next, the LeNotres argue summary judgment was improper because Cohen's motion for summary judgment did not address their claim that Cohen should have performed more extensive testing to determine a proper diagnosis. A motion for summary judgment must state the specific grounds upon which the movant seeks judgment. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993).

In their first amended original petition, the LeNotres alleged in a narrative describing the chronological events, which formed the basis of their negligence claim, that "[i]n light of the nature of Gaston LeNotre's symptoms and the location of his pain, together with the fact that his symptoms had persisted for a lengthy period of time, it should have been clear that more extensive

testing was necessary in order to determine the true nature of Gaston LeNotre's illness." The LeNotres asserted as a theory of recovery that Cohen was negligent in that he failed to use adequate procedures in diagnosing Gaston's condition and failed to use adequate procedures that a reasonable and prudent physician would employ to diagnose a patient under the same or similar circumstances. The LeNotres claim that because Cohen did not specifically respond to the allegation of testing in his motion, he did not present the ground to the trial court and therefore, is not entitled to summary judgment.

▮ A defendant is entitled to prevail on his motion for summary judgment if he can establish with competent proof that as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *See Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). In a medical malpractice case, the plaintiff must prove by competent testimony that the defendant's negligence proximately caused the plaintiff's injury. *Duff v. Yelin*, 751 S.W.2d 175, 176 (Tex.1988). To do so, the plaintiff must prove (1) a duty by the physician to act according to a certain standard; (2), a breach of the applicable standard of care; (3) an injury; and (4) a causal connection between the breach of care and the injury. *Elam v. Yale Clinic*, 783 S.W.2d 638, 642 (Tex.App.—Houston [14th Dist.] 1989, no writ).

▮ In this case, Cohen moved for summary judgment on the ground that his summary judgment proof defeated at least one element of the LeNotres' negligence claim. Cohen asserted that he fully complied with the medical standard of care required in rendering care and treatment to Gaston and did not proximately cause any injury or damage to Gaston. Moreover, Cohen claimed that his affidavit specifically addressed each claim the LeNotres brought against him and that he used adequate procedures under the applicable standard of care to diagnose Gaston's condition. Because Cohen's motion for summary judgment specifically stated the grounds for summary judgment and addressed the LeNotres' negligence claim, we find the trial court did not err in granting summary judgment on the ground that Cohen's motion did not state a specific ground on which he sought judgment.

## IV. EXPERT AFFIDAVIT SUPPORTING SUMMARY JUDGMENT

Next, the LeNotres claim Cohen's affidavit is insufficient as a matter of law to support the summary judgment because it (1) does not specifically deny allegations that he failed to use adequate procedures in diagnosing Gaston's condition; (2) makes no reference to Gaston's medical records; (3) does not set forth a proper standard of care; (4) does not discuss why a diagnosis of gastroenteritis was reasonable in light of patient history, the physical examination, and lack of laboratory testing; (5) shows internal inconsistency; (6) cannot be readily controverted; (7) is not free of contradictions; (8) contains inadmissible hearsay; and (8) violates rule 166a(f) of the Texas Rules of Civil Procedure. A summary judgment must stand or fall on its own merits; the non-movant's failure to except or respond cannot supply by default the grounds for summary judgment. *McConnell*, 858 S.W.2d at 342; *Anderson v. Diamond M–Odeco, Inc.*, 912 S.W.2d 371, 373 (Tex.App.—Houston [14th Dist.] 1995, writ dism'd by agreement). Because we find Cohen's affidavit does not support the grounds he alleged in his motion, we do not address all of the LeNotres' allegations regarding the deficiency of the affidavit.

▮ The general negligence standard of care for a physician is to undertake a mode or form of treatment which a reasonable and prudent member of the medical profession would undertake under the same or similar circumstances. *Hood v. Phillips*, 554 S.W.2d 160, 165 (Tex.1977). Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony is required to meet a plaintiff's burden of proof in a medical malpractice case. *Id.* at 165–66. Because the standard of care demanded in a medical malpractice case requires skills not ordinarily possessed by lay persons, a medical malpractice case typically requires expert

testimony to establish the medical standard of care. *St. John v. Pope,* 901 S.W.2d 420, 423 (Tex.1995) (citing *Hood,* 554 S.W.2d at 165–66).

Rule 166a(c) provides for expert testimony as follows:

A summary judgment may be based on the uncontroverted testimony of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistences, and could have been readily controverted.

TEX.R. CIV. P. 166a(c). Therefore, in a medical malpractice action, a physician may properly rely on his or her own affidavit in support of a motion for summary judgment. *Williams v. Huber,* 964 S.W.2d 84, 88 (Tex. App.—Houston [14th Dist.] 1997, no writ). Moreover, expert testimony is necessary to establish or preclude summary judgment in a medical malpractice case. *Martin v. Durden,* 965 S.W.2d 562, 564 (Tex.App.—Houston [14th Dist.] 1997, writ denied).

To establish entitlement to summary judgment, the physician's affidavit must include a statement (1) of the physician's qualifications; (2) of the services performed for the patient/plaintiff over the treatment period; (3) of a specific denial of each of the allegations of negligence contained in the patient/plaintiff's petition; (4) that the physician met the standard of care; (5) that his or her opinion is based upon a reasonable degree of medical probability; and (6) that no act or omission on the physician's part caused any damage to the patient/plaintiff. *Id.; see also Hall v. Tomball Nursing Ctr., Inc.,* 926 S.W.2d 617 (Tex. App.—Houston [14th Dist.] 1996, no writ) (requiring affidavit to state standard of care and what was done to meet it); *Edwards v. Garcia–Gregory,* 866 S.W.2d 780, 785 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (stating a medical expert's affidavit sufficient if it states (1)expert is familiar with the standard of care, (2) each examination and treatment performed by the defendant, (3) the acts of the defendant were consistent with the appropriate standard of care, and (4) no causal connection between the defendant's acts and the plaintiff's injuries). In considering the sufficiency of an affidavit, we examine the totality of the instrument, rather than any specific formalistic words. *See Silvas v. Ghiatas,* 954 S.W.2d 50, 53 (Tex. App.—San Antonio 1997, writ denied).

Cohen's affidavit satisfies most of the above requirements. It sets forth Cohen's qualifications as a physician and his familiarity with the standard of care for treating a patient with Gaston's condition. Cohen's affidavit also recites the history of the doctor/patient relationship with Gaston and the specific examination and treatment of Gaston's present symptoms. He states the treatment he provided to Gaston clearly complies with the applicable standard of care. He further states that his opinions are based on a reasonable medical probability and that no act or omission on his part proximately caused or contributed to any of Gaston's alleged injuries. Cohen denies all allegations in the LeNotres' first amended original petition.

Cohen's affidavit, however, does not specifically deny the LeNotres' allegations that he failed to use adequate procedures in diagnosing Gaston's condition and failed to use adequate procedures that a reasonable and prudent physician would employ to diagnose a patient under the same or similar circumstances. Instead, Cohen attests: "I have reviewed Plaintiffs' First Amended Petition and contend that all allegations concerning me contained therein are without merit and I specifically deny each and every allegation contained in that instrument."

This court found a physician's affidavit insufficient to support a summary judgment where the physician relied on a general denial of "each and every allegation of negligence in the Plaintiff's Original Petition" in his affidavit instead of a response to the patient's specific allegations of negligence. *Trevino v. Houston Orthopedic Center,* 782 S.W.2d 515, 517 (Tex.App.—Houston [14th Dist.] 1989, no writ). In *Trevino,* the patient asserted seven specific allegations of negligence against his physician and supported the allegations with

extensive medical records. *Id.* The physician in *Trevino* did not discuss with specificity the standard of care for the treatment of his patient or mention the additional procedures he performed on his patient in his affidavit. *Id.* Instead, the physician in *Trevino* relied upon a general denial of any negligence during the course of the treatment. *Id.* Consequently, this court found that "when faced with the particularized allegations in appellants' First Amended Original Petition and such detailed medical records involving subsequent procedures and treatment, the affidavit by Dr. Padgett is insufficient to negate the allegations of negligence." *Id.*

Other courts require the movant to controvert specific allegations of negligence by explaining "how the exercise of reasonable care could have led to the undesired result." *See Rallings v. Evans,* 930 S.W.2d 259, 263, n. 2 (Tex.App.—Houston [14th Dist.] 1996, no writ) (citing *Armbruster v. Memorial Southwest Hosp.,* 857 S.W.2d 938, 943 (Tex.App.—Houston 1st Dist.] 1993, no writ) and *Chopra v. Hawryluk,* 892 S.W.2d 229, 233 (Tex. App.—El Paso 1995, writ denied)).

Under either standard Cohen's affidavit is insufficient to negate the allegations that he was negligent in failing to use the proper procedures to diagnose Gaston's illness. Although Cohen attested to the standard of care for treating gastroenteritis, he did not specify the queries paramount to a diagnosis of gastroenteritis instead of another ailment or discuss the procedures employed in conducting a physical examination. Instead, Cohen attests:

> In examining and caring for a patient who presents with symptoms the same as or similar to those presented by Gaston Lenotre on November 1, 1993, the following course of treatment is an accepted and appropriate course followed by reasonably prudent pediatricians. A history of the present symptoms should be inquired about from both the patient and the parent. a physical examination should then been conducted.

Furthermore, the affidavit does not address the physical factors symptomatic of appendicitis or why the tests necessary to a proper diagnosis were not the proper procedures in this particular case. Nevertheless, we may infer from the affidavit that Gaston's symptoms did not comport with those of appendicitis and Cohen performed the necessary procedures to diagnose Gaston's ailment as gastroenteritis, except that the standard of review does not allow us to do so. *See Armbruster,* 857 S.W.2d at 943. "Inferences must be made in favor of the nonmovant, not against him." *Id.*

Moreover, Cohen's affidavit does not negate proximate cause. A plaintiff must produce evidence establishing a reasonable medical probability that the defendant's alleged breach caused the plaintiff's injuries. *See Durden,* 965 S.W.2d at 567. Reasonable probability is determined by a consideration of the substance of the testimony of the expert witness and does not turn on semantics or on the use by the witness of any particular term or phrase. *Otis Elevator Co. v. Wood,* 436 S.W.2d 324, 331 (Tex.1968); *Kerrville State Hosp. v. Clark,* 900 S.W.2d 425, 438 (Tex.App.—Austin 1995), *reversed on other grounds,* 923 S.W.2d 582 (Tex.1996). Although Cohen states that no act or omission on his part in any way caused, proximately caused or contributed in any fashion to Gaston's injuries, he asserts no facts to support this statement. *See Hernandez v. Calle,* 963 S.W.2d 918, 921 (Tex.App.—San Antonio 1998, no writ) (holding "[w]ithout regard to whether the standard of care was followed, if it can be shown that none of the acts or omissions of the defendant proximately caused plaintiff's injuries or damages, summary judgment is proper"); *but see Jones v. Miller,* 966 S.W.2d 851, 854 (Tex. App.—Houston [1st Dist.] 1998, no writ) (holding statement regarding proximate cause conclusory because doctor gave few details of how he made diagnosis).

Because Cohen did not establish his entitlement to summary judgment on the two grounds he asserted in his motion, the trial court erred in granting summary judgment in his favor. Accordingly, we sustain the LeNotres' point of error and reverse and remand the cause for a trial on the merits.