Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion issued September
28, 2006






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00688-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JOSEPH WILTON LAZARE, Appellant

 

V.

 

XIOMARA MURILLO, Appellee

 

 



On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2004-09891

 








 



MEMORANDUM OPINION ON MOTION FOR REHEARING

 

          Joseph
Lazare challenges the trial court’s rendition of summary judgment in favor of
appellee, Xiomara Murillo.  Lazare
contends the trial court erred in granting summary judgment by default during
the period of an agreed continuance.  On
August 17, 2006, we issued a memorandum opinion reversing and remanding for
further proceedings.  Murillo filed a
motion for rehearing.  We withdraw our
opinion issued August 17, 2006, and issue this opinion in its stead.  Our disposition is unchanged.

Background

          Murillo
and Lazare were involved in an automobile/pedestrian accident in 2003.  Lazare subsequently sued Murillo, alleging
that she had negligently failed to yield the right of way to a pedestrian.  Murillo moved for summary judgment on the ground
that her cousin, Julissa, was driving her truck on the day of the alleged
accident, and Murillo did not find out about the accident until Julissa called
her to report it.  The summary judgment
hearing was set for April 8, 2005.

          Lazare’s
counsel underwent emergency surgery on March 30, 2005.  Lazare therefore moved for a continuance,
advising the trial court that his counsel would be unable to attend the summary
judgment hearing, and asking the court to “reset [the case] for at least 90
days.”  Murillo’s counsel agreed to the
continuance and filed a Rule 11 agreement with the court.[1]  The agreement provides in pertinent part:

Defendant agrees to continue the summary judgment
hearing scheduled for Friday, April 8, 2005 and to continue the trial setting
of April 25, 2005. . . .  Specifically,
the parties are asking the Court to continue the summary judgment hearing and
trial setting given that Plaintiff’s attorney . . . is in ill health and cannot
attend the summary judgment hearing or trial setting.

 

Defendant agrees to the continuance and requests the
Court reset this case for trial within sixty (60) days of the current setting.  Defendant also requests that the discovery
deadlines and other deadlines imposed by the scheduling order remain in place
and not be extended.

 

Defendant is enclosing an agreed order and requests
the Judge sign and execute the order so that the summary judgment hearing and
trial setting can be postponed.

 

The trial court signed the attached
order granting the parties’ motion for continuance, resetting the case for
trial within sixty days of the April 25 setting, and leaving in place all
discovery deadlines.

          In
spite of the continuance and the representation, filed with the court, that he
had agreed to continue the summary judgment hearing, Murillo’s counsel
presented, and the trial court heard, Murillo’s summary judgment motion on
April 22, 2005.  The record is void of any
notice for the April 22 hearing.  Noting
that Lazare had not responded to the summary judgment motion and had failed to
appear at the hearing, the trial court granted summary judgment for Murillo.  The court interlineated in the order: “To the
extent plaintiff’s unverified ‘Emergency motion for continuance’ is construed
as seeking a continuance of the MSJ, it is DENIED.”

          Lazare
timely moved for a new trial on the ground that Murillo’s counsel had improperly
rescheduled the summary judgment hearing for April 22, knowing that his
attorney was still ill due to complications from surgery.  He attached as exhibits two notes from his
attorney’s doctor stating that she should be excused from work until May 23 due
to medical complications.  The trial
court denied the motion and this appeal followed.

Analysis

          In
his sole issue, Lazare contends the trial court erred in granting summary
judgment by default during the period of an agreed continuance.

          Texas
Rule of Civil Procedure 166a requires a party to serve notice of a summary
judgment hearing on opposing counsel at least twenty-one days before the
hearing date.  Tex. R. Civ. P. 166a(c); LeNotre v. Cohen, 979 S.W.2d
723, 726 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).  “The twenty-one-day requirement from notice
to hearing, however, does not apply to a resetting of the hearing, provided the
nonmovant received notice twenty-one days before the original hearing.”  LeNotre, 979 S.W.2d at 726.  Rather, “a party need only give reasonable
notice that a hearing on a summary judgment has been rescheduled.”  Id. 
Reasonable notice means at least seven days before the hearing.  Id.

          Here,
though it appears that Lazare received twenty-one days’ notice of the original
summary judgment hearing, the record is void of any notice for the rescheduled
April 22 hearing.[2]  Assuming he received such notice, moreover,
Lazare had a reasonable expectation that Murillo’s counsel would not proceed
with any summary judgment hearing before the scheduled trial date, as counsel
had agreed, in a Rule 11 agreement filed with the court, not to do so because “Plaintiff’s
attorney . . . is in ill health and cannot attend the . . .
trial setting.”  If Lazare’s attorney was
unable to attend the April 25 trial setting because of her ill health, it
follows that she would be unable to attend a summary judgment hearing scheduled
for April 22, three days earlier—a hearing that counsel had “agree[d] to
continue.”

 

Default Summary Judgment

          Under
the principles set forth in Craddock v. Sunshine Bus Lines, Inc.,

[a] default judgment should be set aside and a new
trial ordered in any case in which the failure of the defendant to answer
before judgment was not intentional, or the result of conscious indifference on
his part, but was due to a mistake or an accident; provided the motion for a
new trial sets up a meritorious defense and is filed at a time when the
granting thereof will occasion no delay or otherwise work an injury to the
plaintiff.

 

134 Tex. 388, 393, 133 S.W.2d 124,
126 (1939).  Although Craddock
involved a default judgment based on a failure to answer, we apply the same
requirements to a motion for new trial filed after a default summary judgment.  Mosser v. Plano Three Venture, 893
S.W.2d 8, 12 (Tex. App.—Dallas 1994, no writ). 
If the party against whom the default summary judgment was taken did not
receive effective notice of the summary judgment hearing, however, “he [i]s
relieved from further responsibility of complying with the Craddock
requirements.”  Rabie v. Sonitrol of
Houston, Inc., 982 S.W.2d 194, 197–98 (Tex. App.—Houston [1st Dist.] 1998, no
pet.) (citing Mosser, 893 S.W.2d at 12). 
This is because

[a]n elementary and fundamental requirement of due
process in any proceeding that is to be accorded finality is notice reasonably
calculated, under the circumstances, to apprise interested parties of the
pendency of the action and afford them the opportunity to present their
objections thereto.  The failure to give
adequate notice violates the most rudimentary demands of due process of law.

 

Mosser, 893 S.W.2d at 12 (citing Peralta
v. Heights Med. Ctr., Inc., 485 U.S. 80, 84, 108 S. Ct. 896, 898–99
(1988)).  Accordingly, we conclude that
Lazare is entitled to a new trial because Murillo did not provide him with effective
written notice, filed with the court, of a rescheduled summary judgment hearing,
given the terms of the parties’ Rule 11 agreement.  See Rabie, 982 S.W.2d at 197
(reversing and remanding for new trial because plaintiff did not give defendant
due notice of submission of summary judgment motion); Mosser, 893 S.W.2d
at 11 (reversing and remanding because record showed that appellees never
mailed notice of summary judgment hearing to appellant); Nickerson v. E.I.L.
Instruments, Inc., 817 S.W.2d 834, 836 (Tex. App.—Houston [1st Dist.] 1991,
no writ) (reversing and remanding because appellant did not receive seven days’
notice of rescheduled summary judgment hearing); Tafollo v. Sw. Bell Tel.
Co., 738 S.W.2d 306, 307 (Tex. App.—Houston [14th Dist.] 1987, no writ)
(reversing and remanding because record did not contain any evidence or
documents to reflect that appellant received notice of date set for summary
judgment hearing).

Conclusion

          We
conclude that Lazare did not receive effective notice of the rescheduled
summary judgment hearing because any notice of a summary judgment hearing
Murillo sent to Lazare occurred during a period for which she had agreed not
to seek summary judgment.  We therefore
reverse and remand for further proceedings.

          

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Taft,
Higley, and Bland.











[1] See Tex. R. Civ. P. 11.

 





[2] After determining that the record does not contain any
notice for the April 22 summary judgment hearing, before submission of the case,
we ordered the Harris County District Clerk to supplement the record with “any
notices of hearing on defendant’s motion for summary judgment.”  The supplemental record does not contain any
such notices.  In her motion for
rehearing, Murillo attaches an unverified copy of a notice of hearing for April
22 and an illegible acknowledgment of receipt. 
Counsel, however, did not move to supplement the trial court record with
these materials.  Moreover, given
counsel’s Rule 11 agreement, filed with the trial court, agreeing to continue
the summary judgment hearing to a date beyond the scheduled trial date of April
25, any notice purporting to schedule the summary judgment hearing before the
April 25 trial setting does not comport with the terms of the Rule 11 agreement
filed with the trial court.