**Opinion issued February 27, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00931-CV

———————————

### NSJ INTERNATIONAL, LLC, D/B/A SOGO INDUSTRIES, SUMEET VARMA, NAMIT VARMA, ELITE TOP USA, LLC, SATISHCHANDRA VARMA, AND MEENAKSHI VARMA Appellants

### V.

### PROSPERITY BANK, Appellee

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-60979**

---

## MEMORANDUM OPINION

NSJ International, LLC, d/b/a Sogo Industries, Sumeet Varma, and Namit Varma (collectively, NSJ Appellants), and Elite Top USA, LLC, Satishchandra Varma, and Meenakshi Varma (collectively, Elite Top Appellants) appeal from the

trial court's summary judgment in favor of Prosperity Bank. In three issues, the Elite Top Appellants contend that they did not receive proper notice of the summary judgment submission date and that the trial court improperly granted summary judgment against Satishchandra Varma and Meenakshi Varma in their individual capacities. The NSJ Appellants did not file a brief.

We affirm the trial court's summary judgment against the Elite Top Appellants. We dismiss the NSJ Appellants' appeal for failure to file a brief.

## Background

Prosperity filed the underlying lawsuit against NSJ International, LLC, d/b/a Sogo Industries, and Sumeet Varma, Namit Varma, and Julie Huang[1] to recover on a commercial promissory note and guaranty agreements. As security for the note, NSJ executed a security agreement giving Prosperity a security interest in all collateral, which included among other things, two injection molding machines. Prosperity perfected its security interest in the molding machines and other collateral by filing a UCC financing statement in January 2017.

In June 2018, NSJ leased a commercial warehouse at 4417 S. Main Street in Stafford, Texas, from Elite Top USA, LLC, and moved the molding machines to that

---

[1]  Julie Huang did not file a notice of appeal and is not a party to this appeal.

warehouse for storage. Satishchandra Varma and Meenakshi Varma purportedly owned 4417 S. Main and leased it, through their company, Elite Top, to NSJ.

The following month, NSJ failed to make the required monthly installment payments on the note, and, in August 2018, Prosperity notified NSJ that it was in default. After NSJ failed to cure the default, Prosperity accelerated the maturity of the note and filed suit against the NSJ Appellants in August 2018.

Meanwhile, in January 2019, Elite Top filed a UCC financing statement asserting a lien on the collateral, purportedly due to NSJ's failure to pay rent.

Between August 2018 and August 2019, in an attempt to reduce the amount owed on the note, Prosperity tried to arrange for the removal of the molding machines from 4417 S. Main and for the sale of that collateral. In connection with this effort, Prosperity coordinated an inspection of the collateral held at 4417 S. Main by an auction company representative, obtained a third-party offer to purchase the molding machines for $100,000, and obtained NSJ's consent to the sale of the molding machines at that price.

Despite numerous attempts to obtain access to 4417 S. Main to remove the molding machines from the warehouse, Prosperity was unable to obtain access. By letter dated September 16, 2019, Prosperity requested Satishchandra and Meenakshi's consent, as "owners of the real property at 4417 S. Main St.," to remove

the molding machines from the property so they could be sole? and for a waiver of liens.   Satishchandra refused, stating:

> As you very well know, I am now the owner of that property as a result of NSJ's non-payment of rent and default of lease obligations. Accordingly, it may be news to you, but the "collateral" that you have referred to in your letter does not belong to you or NSJ anymore.

Prosperity amended its pleading to assert claims against Elite Top, Satishchandra, and Meenakshi, seeking a declaratory judgment that it holds a perfected first lien on NSJ's collateral, including the molding machines; that the interests of Elite Top, Satishchandra, and Meenakshi, if any, are subordinate and subject to Prosperity's superior perfected lien rights; and that it is entitled to immediate possession of the molding machines.  In the alternative, Prosperity alleged a cause of action against Satishchandra and Meenakshi, individually, for conversion and sought $100,000 in damages—corresponding to the fair market value of the molding machines at the time of the alleged conversion.

On August 3, 2022, Prosperity moved for traditional summary judgment against the NSJ Appellants and, separately, against the Elite Top Appellants.  The following day, Prosperity noticed the summary judgment motions for submission on "Monday," September 29, 2022, at 8:00 a.m.,[2] but an hour later, filed notices of submission correcting the submission date to Monday, *August* 29, 2022, at 8:00 a.m.

---

[2]    We note that September 29, 2022, was a Thursday, not a Monday as stated in the initial submission notices. *See* Harris (Tex.) Civ. Dist. Ct. Loc. R. 3.3.3 ("Motions

4

On August 30, after the August 29 hearing was passed, , Prosperity filed an amended notice of submission resetting the summary judgment motions for submission on Monday, September 12, 2022, at 8:00 a.m. The NSJ Appellants timely responded to the summary judgment motion; the Elite Top Appellants did not file a response.

The trial court granted both summary judgment motions on September 16. With respect to the Elite Top Appellants, the trial court declared that Prosperity is the owner of a perfected, prior first lien on all collateral and that such first lien is superior to the interests of the Elite Top Appellants, if any, in such collateral. The trial court also awarded Prosperity its reasonable attorney's fees, in the amount of $33,203.95, under the Declaratory Judgments Act.[3]

Four days later, the Elite Top Appellants filed an "Urgent Letter to the Honorable Judge and Verified Motion to Continue Summary Judgment Hearings Scheduled for 9/22/2022." In the letter, the Elite Top Appellants stated that the two summary judgment motions were set for consideration on September 29, 2022, and they requested a 21-day continuance of that submission, citing their counsel's health concerns and a medical emergency for counsel for the NSJ Appellants. The Elite

---

may be heard by written submission. Motions shall state Monday at 8:00 a.m. as the date for written submission.").

[3] *See* TEX. CIV. PRAC. & REM. CODE § 37.009.

Top Appellants and the NSJ Appellants each also filed a motion for reconsideration and motion for new trial, which were denied by operation of law. The Elite Top Appellants and the NSJ Appellants timely filed separate notices of appeal.

## THE NSJ APPELLANTS' APPEAL

The NSJ Appellants' brief was due on March 23, 2023. This Court granted the NSJ Appellants an extension of time to file their brief until June 21, 2023, noting that no further extensions would be granted. The NSJ Appellants failed to file a brief.

On June 27, 2023, this Court issued a notice of late brief. And we issued a second late brief notice on July 7, 2023, noting that their appeal may be dismissed for want of prosecution unless they filed a motion to extend time that reasonably explained their failure to timely file their brief and asserted that Prosperity was not significantly injured by their failure to timely file an appellants' brief. *See* TEX. R. APP. P. 10.5(b)(1), 38.6(d), 38.8(a)(1), 42.

The NSJ Appellants, again, did not respond to either late brief notice. And to date, the NSJ Appellants have not filed an appellants' brief. Accordingly, we dismiss the NSJ Appellants' appeal for want of prosecution for failure to file an appellants' brief. *See id.* 38.8(a)(1), 42.3(b).

## Adequate Notice

In their first issue, the Elite Top Appellants contend the trial court erred in granting Prosperity's motion for summary judgment because they received insufficient notice of the summary judgment submission date. According to the Elite Top Appellants, Prosperity's August 30 amended notice of submission, setting the submission date for September 12, failed to provide them with the required 21-day notice under Texas Rule of Civil Procedure 166a(c).

Texas Rule of Civil Procedure 166a(c) provides that "the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c).[4] The 21-day requirement from notice to hearing, however, does not apply to a resetting of the hearing, provided the nonmovant received notice 21 days before the original hearing. *LeNotre v. Cohen*, 979 S.W.2d 723, 726 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

"The reasoning behind the [21] day requirement in rule 166a(c) is to give the nonmovant sufficient time to prepare and file a response for the original setting." *Id.* "By rescheduling a hearing, the movant is actually giving the nonmovant additional

---

[4] An oral hearing on a motion for summary judgment is not mandatory; the motion may be heard by submission. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998).

time to respond." *Id.* Therefore, provided the nonmovant received notice 21 days before the original hearing, only "reasonable notice," of at least seven days of the rescheduled hearing, is necessary. *Williams v. Bell*, 402 S.W.3d 28, 34 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).[5]

Prosperity filed its motion for summary judgment on August 3, and its notice of submission on August 4. There is thus no dispute that the initial notice setting the submission date for August 29 was timely—it gave the Elite Top Appellants 25 days' notice—and the Elite Top Appellants do not argue that they did not receive this notice.[6] On August 30, after the August 29 hearing was passed, Prosperity reset the summary judgment submission to September 12 and notified counsel for the Top Elite Appellants of the rescheduled submission date by E-service the same day.

Because the Elite Top Appellants received adequate notice of the original submission date—25 days—they had a right only to "reasonable notice," of at least seven days of the rescheduled submission date. *See Williams*, 402 S.W.3d at 34.[7]

---

[5] *See also Lazare v. Murillo*, No. 01-05-00688-CV, 2006 WL 2773486, at \*2 (Tex. App.—Houston [1st Dist.] Sept. 28, 2006, pet. denied) (mem. op.).

[6] The certificate of E-service attached to the notice setting submission for August 29 reflects that this notice was sent to counsel for the Top Elite Appellants on August 4.

[7] *See also Skelton v. Comm'n for Law. Discipline*, 56 S.W.3d 687, 691 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *LeNotre v. Cohen*, 979 S.W.2d 723, 726 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

The notice Prosperity provided, 13 days in advance of the rescheduled submission date, satisfies this requirement. *See id.*

We overrule the Elite Top Appellants' first issue and proceed to the merits of their appeal.

## Traditional Summary Judgment

Prosperity moved for a traditional summary judgment on its declaratory judgment claim against Elite Top, Satishchandra, and Meenakshi, arguing that its prior perfected lien on NSJ's collateral is superior to the Elite Top Appellants' asserted landlord lien or claims of ownership. Prosperity alternatively moved for summary judgment on its conversion claim against Satishchandra.[8]

---

[8] We note that Prosperity alleged a cause of action for conversion against Satishchandra and Meenakshi, in the alternative to its request for a declaratory judgment. But, in its motion for summary judgment, Prosperity moved for summary judgment on the conversion claim against Satishchandra only, stating that it "does not seek judgment at this time on its claim for conversion against Defendant M[eenakshi] Varma." The trial court's summary judgment order, drafted by Prosperity, granted the declaratory relief and, although it did not address the conversion claims specifically, it included language that the judgment "disposes of all claims between Plaintiff, Prosperity Bank, and Defendants Elite Top USA, LLC, Satishchandra T. Varma and Meenakshi Varma." The trial court's final summary judgment order granting Prosperity's motion for summary judgment on its claims against the NSJ Appellants disposed of the remaining claims in the lawsuit and contained similar finality language, and the summary judgment order against the Elite Top Appellants merged into that order. *See Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, L.L.C.*, 603 S.W.3d 385, 390 (Tex. 2020) ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment . . . ."). We conclude that this judgment is final and appealable. *See, e.g., In re Elizondo*, 544 S.W.3d 824, 828–29 (Tex. 2018) (orig. proceeding) (per curiam) (holding that unequivocal "finality phrases" must be taken "at face value"). And no

The trial court granted Prosperity's motion on its declaratory judgment claim, declaring:

> Prosperity Bank is the owner and holder of a perfected, prior first lien on all Collateral as defined and identified in that Security Agreement at issue dated December 9, 2016, and that UCC Financing Statement, Filing No. 17-0001961095, that such first lien is superior to the interests, if any, of Elite Top USA, LLC, Satishchandra T. Varma and Meenakshi Varma in all such Collateral, and that Prosperity Bank is hereby granted the right of immediate possession of all such Collateral.

The trial court's order also stated that it disposed of all claims between Prosperity and the Elite Top Appellants.

In their second and third issues, the Elite Top Appellants do not challenge the sufficiency of the evidence to support the trial court's declaration that Prosperity holds a perfected first lien on the molding machines and that its lien is prior and superior to any interests of the Elite Top Appellants. Rather, they simply argue that the trial court erred in granting summary judgment against Satishchandra and Meenakshi in their individual capacities and ordering Satishchandra to pay attorney's fees. We address each of those arguments in turn.

## A.     Standard of Review

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Under

---

party challenges the trial court's failure to grant relief on Prosperity's conversion claims.

the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). To determine whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Nixon*, 690 S.W.2d at 548–49.

Because the party moving for traditional summary judgment, here Prosperity, carries the burden to establish that no material fact issue exists and that it is entitled to judgment as a matter of law, "the nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense." *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). Because a motion for summary judgment must stand on its own merits, the nonmovant may argue on appeal that the movant's summary judgment proof is insufficient as a matter of law, even if the nonmovant filed no response to the motion. *See id.*

But "issues not expressly presented to the trial court by written motion, answer, or other response" may not "be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). Thus, because the Elite Top Appellants did not file a summary judgment response, their challenges on appeal are necessarily limited to challenges to the legal sufficiency of Prosperity's motion for traditional summary

11

judgment. *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 511–12 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).[9]

**B.     Alter Ego**

According to the Elite Top Appellants, the trial court erred in granting summary judgment against Satishchandra and Meenakshi in their individual capacities because the pleadings and evidence do not support liability based on alter ego or agency theories, and because there is no pleading in which Satishchandra or Meenakshi asserted any lien in their individual capacities.    We reject these contentions for several reasons.

*First*, because the Elite Top Appellants did not file a response to the motion for summary judgment below, they are limited to challenging the legal sufficiency of the evidence to support the trial court's judgment. *See Willrich*, 28 S.W.3d at 23; *Haden*, 332 S.W.3d at 511–12.  Their argument related to alter-ego and agency theories of liability is not a legal-sufficiency argument—nor do they raise one—and, therefore, is not a proper argument that may be raised for the first time in this appeal.

---

[9]     *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 924 (Tex. App.—Houston [1st Dist.] 1993, no writ) (holding that party who filed no response to motion for summary judgment limited to legal sufficiency challenge).

*Second*, to the extent that this alter-ego and agency argument challenges the capacity in which Satishchandra and Meenakshi were sued, they have waived this argument by failing to file a verified denial. *See* TEX. R. CIV. P. 93.

*Third*, even considering the merits of this argument, it fails. The Elite Top Appellants argue that Prosperity did not allege in its pleadings or present any evidence in support of its motion for summary judgment "in support of an alter ego or agency theory that Satish Chandra Varma or Meenakshi Varma were agents or alter ego of Elite Top. [Prosperity]'s pleadings had no alter ego claim or theory, nor did they have any other basis for piercing of the corporate veil." On this point, they are correct. Prosperity did not sue Satishchandra or Meenakshi alleging that either was an alter ego of Elite Top. Rather, Prosperity asserted a declaratory claim against them in their individual capacities and against Elite Top requesting a judicial declaration that its perfected security interest in the molding machines was superior to any claims of ownership made by Elite Top or by Satishchandra and Meenakshi, individually.

In particular, Prosperity alleged in its second amended petition that, "[a]ccording to the official public records of Fort Bend County, [Satishchandra] and [Meenakshi] are the owners of 4417 Main." Prosperity requested that Satishchandra and Meenakshi "consent to the removal of the Collateral from 4417 Main and a waiver of any liens, but [Satishchandra] and [Meenakshi] refused to grant consent."

13

Accordingly, Prosperity sought "a judicial determination that it holds a prior perfected first lien on the Collateral, and that the interests, if any, of all Defendants in this case are subordinate and subject to [Prosperity's] superior perfected lien rights." In the alternative, Prosperity brought conversion claims against both Satishchandra and Meenakshi in their individual capacities for their refusal to turn over the molding machines.

The trial court granted Prosperity's request for a declaration that its lien rights were superior to Satishchandra's and Meenakshi's individual rights, to the extent they had any, but it did not award any relief based on an alter-ego or agency theory. Thus, the relief the trial court granted is supported by the pleadings, and we reject the Elite Top Appellants' argument to the contrary.

## C. Attorney's Fees

The Elite Top Appellants next contend that there is no evidence to support Satishchandra's individual liability for attorney's fees. They argue that none of Prosperity's summary judgment evidence established that Satishchandra asserted a lien against the collateral in his individual capacity. We disagree.

As noted above, Prosperity requested declaratory relief to establish the superiority of its lien. In support of its motion, Prosperity attached a letter written by Satishchandra in response to Prosperity's request to be able to enter the

14

warehouse property at 4417 S. Main and retrieve the molding machines, and for a waiver of liens. In that letter, Satishchandra stated:

> As you very well know, I am now the owner of that property as a result of NSJ's non-payment of rent and default of lease obligations. Accordingly, it may be news to you, but the "collateral" that you have referred to in your letter does not belong to you or NSJ anymore.

He also refused to sign "any consent forms regarding removal of assets from my property," and he stated that Prosperity's insinuation that he had consented to the sale of NSJ's "former assets" was false and that he had "no intentions of waiving any liens against the so-called 'collateral.'" Satishchandra signed the letter in his individual capacity, and not on behalf of Elite Top. In fact, Satishchandra does not mention Elite Top anywhere in the letter; rather, throughout the letter Satishchandra referred to the real property located at 4417 S. Main as "my" property and asserted that he, not Elite Top, was the owner of NSJ's collateral. Thus, to the extent that the Elite Top Appellants argue there is insufficient evidence that Satishchandra asserted any ownership rights to the collateral, we disagree.

Furthermore, the Declaratory Judgments Act provides that a trial court may award costs and reasonable attorney's fees when doing so is equitable and just. TEX. CIV. PRAC. & REM. CODE § 37.009; *see also City of Pasadena v. Gennedy*, 125 S.W.3d 687, 701 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). The Act "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters

15

of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). And a party need not prevail to be awarded attorney's fees under the Act. *City of Pasadena*, 125 S.W.3d at 701.

The Elite Top Appellants do not challenge the reasonableness of the attorney's fees award. Instead, their only argument is that the attorney's fee award is not supported by any evidence because there is no evidence of a lien asserted by Satishchandra individually.

We construe this as an argument that the attorney's fee award is not equitable and just. In light of the above evidence of Satishchandra's assertion of individual ownership rights to the collateral and considering that the Elite Top Appellants do not challenge the sufficiency of the evidence supporting the trial court's declaration as to the superiority of Prosperity's lien, we conclude the trial court's award of attorney's fees to Prosperity, to be paid by Satishchandra, is indeed equitable and just. *See* TEX. CIV. PRAC. & REM. CODE § 37.009.

**D.    Advisory Opinion**

In their third issue, the Elite Top Appellants contend that the trial court's summary judgment was an advisory opinion as it relates to Meenakshi because there is no allegation or evidence of a lien asserted by Meenakshi. Again, we disagree.

16

"An advisory opinion is one which does not constitute specific relief to a litigant or affect legal relations." *Hous. Chron. Pub. Co. v. Thomas*, 196 S.W.3d 396, 401 (Tex. App.—Houston [1st Dist.] 2006, no pet.)). And "[a] declaratory judgment is available only when there is a justiciable controversy between the parties." *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163–64 (Tex. 2004).

As detailed above, Prosperity alleged in its second amended petition that Meenakshi had taken possession of the molding machines, which was inconsistent with Prosperity's superior right to possession, and refused to consent to Prosperity's removal of the collateral. Prosperity specifically requested a declaration that its rights to the collateral were superior to those of Meenakshi, if she had any.

Rather than admit the requested declaration, Meenakshi filed a general denial placing the requested relief at issue. *See* TEX. R. CIV. P. 92. Prosperity moved for summary judgment on this claim, attaching as evidence in support an affidavit, the note, the security agreement, as well as email and letter correspondence documenting Prosperity's unsuccessful attempts to obtain access to the 4417 S. Main property and to obtain Satishchandra and Meenakshi's consent, as owners of the 4417 S. Main property, to the removal of the collateral and waiver of any liens. The trial court granted the requested declaratory relief, and the Elite Top Appellants do not challenge the substance of that ruling on appeal.

Here, there was a justiciable controversy between the parties—the parties' relative rights to the collateral—making declaratory relief appropriate. *See Brooks*, 141 S.W.3d at 163–64. And the trial court's summary judgment affects the legal relations between the parties—it declares Prosperity's interest in the collateral to be superior to Meenakshi's interests, if any, and orders possession of the collateral, which was being kept at the 4417 S. Main property owned by Satishchandra *and* Meenakshi, to Prosperity. *See Hous. Chron. Pub. Co.*, 196 S.W.3d at 401. Accordingly, we conclude that the declaratory relief contained in the summary judgment does not constitute an advisory opinion.

We overrule the Elite Top Appellants' second and third issues.

## Conclusion

We therefore affirm the trial court's final summary judgment in all things with respect to Elite Top USA, LLC, Satishchandra Varma, and Meenakshi Varma. We dismiss NSJ International, LLC, d/b/a Sogo Industries, Sumeet Varma, and Namit Varma's appeal for want of prosecution for failure to file a brief.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.