**D & S KINGSWAY VENTURES, a Texas General Partnership, and B.D. Shipwash, Appellants,**

v.

**TEXAS CAPITAL BANK—RICHMOND, N.A., Appellee.**

No. B14–93–00032–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 25, 1994.

Ralph A. Keen, David F. Webb, Diane Guariglia, Houston, for appellants.

Beverly D. Mason, Robert A. Plessala, Houston, for appellee.

Before SEARS, LEE and JUNELL (sitting by appointment), JJ.

## OPINION

SEARS, Justice.

Texas Capital Bank, ("Bank") filed suit on November 24, 1986, against Appellants to recover on a defaulted note. Appellants answered and cross-claimed for usury. The trial court held that the Bank failed to prove the amount of its deficiency, and that Appellants failed to prove their usury counterclaim. The Court ruled that both parties take nothing. Appellants bring one point of error, claiming that the trial court erred in not finding usury. Appellee brings two conditional cross points, and two unconditional cross points. We affirm in part and reverse in part.

The note for $507,500.00 was secured by a Deed of Trust and Security Agreement giving the Bank a first lien on certain residential property. On January 6, 1987, the Bank held a public sale, foreclosed on the real property, and purchased it for $225,000.00. The Bank filed its original and First Amended Petitions, which did not specifically reference the foreclosure sale or the purchase of the property by the Bank. The first amended pleading continued to pray for judgment on the full amount of the note. However, the second amended petition filed October 21, 1988, prayed for judgment in the amount of $507,500.00, but added: "less any credits deemed properly allowed by the Court as a result of the foreclosure sale conducted January 6, 1987...." Appellants' usury claim is based solely on the pleadings.

Appellants contend that the evidence is legally and factually insufficient to support the trial court's take nothing judgment on their usury counterclaim. Appellants had the burden of proof to establish

their usury claim; therefore, they must prove that their claim was established "as a matter of law." *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). The record must first be examined for evidence that supports the verdict while ignoring all evidence to the contrary. *Id.* If there is any evidence to support the verdict, the legal sufficiency point must be overruled. *Id.* If, however, there is no evidence to support the verdict, then the entire record must be examined to determine if the contrary proposition was established as a matter of law. *Id.* When reviewing a factual sufficiency point, this Court must review all of the evidence and will only set aside the verdict if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

■ Appellants contend that the Bank's First Amended Petition constituted a "charge" of usurious interest, because it did not reflect a credit for the amount received at the foreclosure. They also contend that the Bank "received" usurious interest because it "received" $225,000.00 but failed to credit it to the balance owed on the note. Both of these claims are without merit. A pleading by itself, even if it contains a claim for usurious interest, "does not constitute a "charge" of usurious interest for purposes of the Texas usury statute." *George A. Fuller Co. of Texas, Inc. v. Carpet Services, Inc.*, 823 S.W.2d 603 (Tex.1992).

In *Fuller*, the Supreme Court addressed the issue of an excessive claim for prejudgment interest in a party's pleadings. The Court held that claims which appear solely in a pleading do not constitute a "charge" for usurious interest. They distinguished the case of *Moore v. Sabine National Bank*, 527 S.W.2d 209 (Tex.Civ.App.—Austin 1975, writ ref'd, n.r.e.), on the basis that the *Sabine* case involved a separate document, in addition to the pleading, which was sent to the debtor requesting payment of a usurious amount of interest. In this case, Appellants' claim that the Bank "charged" usurious interest is based solely upon the Bank's First Amended Petition, which was replaced by the *Second* Amended Petition.

■ Appellants also claim that the Bank's live pleadings, stating that the Bank was owed $507,500.00, is an admission that the Bank received, or was attempting to receive, usurious interest. They assert that "the testimony shows that [the $225,000.00] was not applied to reduce the $507,500.00 principal." Appellants, however, provide this Court with no citations to the record in which such evidence can be found. An argument in a brief *shall* contain references to pages in the record where the relevant testimony or alleged error may be found. Tex.R.App.P. 74(f). An appellate court has no duty to search a record without guidance from an appellant to determine whether the assertions in the point of error are valid. *Anheuser–Busch Companies, Inc. v. Summit Coffee Co.*, 858 S.W.2d 928 (Tex.App.—Dallas 1993, writ filed); *Barham v. Turner Construction Co.*, 803 S.W.2d 731, 740 (Tex.App.—Dallas 1990, writ denied).

Contrary to Appellants' assertion of no evidence, Joseph Wheeler, a past Chairman of the Board for the Bank, testified that a credit of $225,000.00 was applied to the principal of the note after the foreclosure sale. Appellant, B.D. Shipwash, admitted that he defaulted on the loan in late 1986, and that a balance of $507,500.00 was then due and owing. He further admitted that he made no further payments on the loan. Appellants' sole evidence of non-credit consists of B.D. Shipwash's testimony that he did not receive *notice* of the credit from the Bank. However, he never requested an accounting from the Bank and he presented no evidence to support his allegations. The second amended petition acknowledged the foreclosure, confessed the amount received was $225,000.00, and alleged the proceeds of the sale were allowed as "credit" against the note made the basis of this lawsuit. Further, the Bank prayed only for the balance due on the note *after* credit. The evidence is sufficient to support an adverse finding on Appellants' usury claim. Appellants' sole point of error is overruled.

We need not address Appellee's first two cross points, because they were conditioned on this Court's sustaining Appellants' point of error. We do, however, need to address

Appellee's last two cross points. In cross point number three, the Bank claims that the trial court erred in entering a take-nothing judgment on its deficiency claim. We agree. The Bank established, through both Mr. Wheeler and Mr. Shipwash, that the outstanding amount due on the note prior to foreclosure was $507,500.00. The land securing the note was foreclosed upon, and the Bank credited the principal balance of the note with the $225,000.00 which it received for the property at the foreclosure sale. The only fact the Bank failed to prove was the *date* on which the credit was given. The Bank claims in their fourth cross point of error that this is because the trial court improperly excluded a 1099A tax form which contained the credit date.

At trial, the Bank attempted to introduce into evidence a 1099A form containing the date on which the credit was given. The following transpired:

Q: Let me show you Plaintiff's Exhibit No. 13 and ask you if you recognize that Mr Wheeler.

A: Yes, sir.

Q: Can you tell me what that is?

A: That is a 1099A notice to the Internal Revenue Service.

Q: Thank you. Can you tell me if you directed the preparation or participated in the direction of the preparation of the particular document?

A: Yes sir, I did.

[Plaintiff's Counsel]: All Right. I would offer Exhibit 13 into evidence, Your Honor.

Objection: No proper predicate.

The Court: Sustained.

Appellees counsel attempted to introduce the document into evidence several times, but never laid a proper predicate. Each time the document was offered, Appellants' trial counsel objected on the basis of improper predicate, and the court sustained the objection.

We agree with the trial court that the proper foundation for the introduction of the evidence was never established. Further, the witness never testified as to the date the credit was applied. Therefore, we overrule Appellee's fourth cross point. However, we find that there was sufficient evidence from which the trial court could have calculated the amount of the deficiency. We hold that the Bank sufficiently proved the amount of its deficiency, and we sustain Appellee's third cross point of error.

We affirm the trial court's judgment as to the adverse finding on the usury claim. We reverse the judgment as to the deficiency claim, and hold that the Bank is entitled to a deficiency judgment of $282,500.00, plus: (1) prejudgment interest on the defaulted note balance of $507,500.00, prior to foreclosure, in accordance with TEX.REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon 1987); (2) prejudgment interest on the deficiency amount of $282,500.00 from the date of foreclosure to date of judgment, and, (3) post-judgment interest on all the awards. We remand the case to the trial court for a proper determination of the total amounts of interest accrued, and for entry of judgment in accordance with this opinion.