**Affirmed in Part, Reversed and Remanded in Part and Opinion filed March 26, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00691-CV

## FELICIA WILLIAMS, INDIVIDUALLY AND D/B/A IN THE URBAN CITY INVESTMENT GROUP, Appellant

## V.

## DESTRY C. BELL, SR. AND CHRIST TEMPLE OF DELIVERANCE CHURCH OF GOD IN CHRIST, INC., Appellees

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 989501**

## O P I N I O N

Appellant Felicia Williams, individually and d/b/a In the Urban City Investment Group, appeals the trial court's order granting summary judgment in favor of appellees Destry C. Bell, Sr. and Christ Temple of Deliverance Church of God in Christ, Inc. ("Christ Temple"). We affirm in part and reverse and remand in part for further proceedings consistent with this opinion.

# BACKGROUND

On April 2, 2008, Williams and Christ Temple entered into a "Commercial Buyer/Tenant Representation Agreement." Bell signed the agreement on behalf of Christ Temple, where he is a pastor. To help finalize a transaction, Williams agreed to take only $20,000 of her $54,000 brokerage commission at closing. She accepted a promissory note for the remaining $34,000 with a 0% interest rate. Bell also signed this note on behalf of Christ Temple. The note provided for the acceleration of all unpaid principal and other amounts due in the event of a default by Christ Temple and further provided that Christ Temple would pay a late fee if any payment under the note became more than 10 days overdue. The late fee was to be "equal to 5% of the installment not paid."

Christ Temple made one payment of $2,833.83 but failed to make any further payments. On April 7, 2011, Williams filed a petition against Christ Temple and Bell for payment on the note. Williams requested payment of "$93,132.15, plus accrued late fees as provided for in the note." The appellees filed their response on June 13, 2011, in which they denied all of Williams's claims, and brought counterclaims for usury, unjust enrichment, promissory estoppel, and fraud. The appellees also sent notice of their usury claim directly to Williams.

The appellees sent requests for disclosure to Williams; these included a request that Williams "[s]tate the amount of economic damages and any method of calculating the damages." Williams responded by restating the $93,132.14[1] figure but did not explain how it was calculated.

---

[1] In her original petition, Williams claimed damages of $93,132.15; the amount she claimed in her response to the appellees' requests for disclosure was one cent smaller: $93,132.14. This discrepancy does not affect our analysis.

On February 3, 2012, the appellees filed traditional and no-evidence summary-judgment motions. The appellees argued that (1) there was no basis for Bell's personal liability on the agreement and (2) the agreement itself was unenforceable because the $93,132.14 amount reflected an attempt to collect usurious interest of nearly 66%. Williams denied charging any interest and claimed she had never loaned money to the appellees.

On April 4, 2012, Williams filed her first amended petition seeking a smaller sum from the appellees and explaining her calculations:

> [The appellees] defaulted in paying the note. [Williams] has accelerated the debt according to the terms of the note. There is currently due $31,166.17, which includes principal and the 0% in accrued interest on the note. [Williams] is also due late fees as provided for in the note in the amount of $1,700 for six late installment payments. In sum, there is currently due and owing from [the appellees] $32,866.17.

Williams argued that because the damages she sought could no longer be construed as usurious, summary judgment was not appropriate. For the first time in the proceedings, Williams also asserted a common-law fraud claim. The trial court heard argument from both parties on April 24, 2012.

On April 30, 2012, the trial granted the appellees' summary judgment motions and ordered Williams to pay statutory damages to Christ Temple in the amount of $93,132.15. Williams moved for both a new trial and a rehearing on the motions for summary judgment; the trial court denied the motions. This appeal followed.

## ANALYSIS

As an initial matter, the parties have not disputed our jurisdiction over this appeal, but we examine that fundamental issue *sua sponte*. *See Royal Indep. Sch.*

3

*Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (footnote omitted); *see Kan. City S. Ry. v. Oney*, 380 S.W.3d 795, 798 (Tex. App.—Houston [14th Dist.] 2012, no pet.). To determine if an order is final, we examine the express language of the order and determine whether the order, "actually disposes of all claims against all parties." *Crites v. Collins,* 284 S.W.3d 839, 840 (Tex. 2009) (per curiam).

The trial court's order provides, in relevant part:

> **IT IS THEREFORE ORDERED THAT** [the appellees'] Motion for Traditional Summary Judgment be and is hereby **GRANTED** in all things.

> **IT IS ALSO ORDERED THAT** [the appellees'] Motion for No-Evidence Summary Judgment be and is hereby **GRANTED** in all things.

*      *      *

> This is a final judgment. All relief not expressly granted herein is **DENIED**.

No mention is made of Williams's fraud claim, and the appellees did not address the fraud claim in their motions for summary judgment.

That omission notwithstanding, the trial court's intent to finally dispose of the case is unequivocally expressed in the words of the order granting summary judgment. As we explain below, this was error, but it does not make the trial

4

court's order interlocutory. "[I]f a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final — erroneous, but final." *Lehmann*, 39 S.W.3d at 200.

We conclude that this appeal is within our jurisdiction, and we proceed to examine its merits.

In nine issues,[2] Williams argues that the trial court erred by granting summary judgment in favor of the appellees. Before reaching her substantive issues, we address her assertion that she received inadequate notice of the summary judgment hearing.

In her seventh issue, Williams contends that she was notified of the summary judgment hearing 11 days before it took place and that, as a result, she was deprived of the 21-day notice provided for in the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 166a(c).

Rule 166a of the Texas Rules of Civil Procedure requires that a party serve notice of a summary judgment hearing on opposing counsel at least 21 days before the hearing date. Tex. R. Civ. P. 166a (c). This requirement does not apply to a resetting of the hearing. *Skelton v. Comm'n for Lawyer Discipline*, 56 S.W.3d 687, 691 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *LeNotre v. Cohen*, 979 S.W.2d 723, 726 (Tex. App.—Houston [14th Dist.] 1998, pet. denied.). Provided the nonmovant received notice 21 days before the original hearing, only "reasonable notice" of at least seven days is necessary. *Skelton*, 56 S.W.3d at 691; *LeNotre*, 979 S.W.2d at 726.

The summary judgment hearing was originally scheduled for March 1, 2012,

---

[2] Williams lists ten issues in her brief, but one of her issues is listed twice.

and notice was sent to Williams on February 3, 2012. Williams does not allege that this initial notice was untimely. After several delays, on April 13, the appellees notified Williams of the April 24 hearing date.

Because she received adequate notice of the original hearing, Williams had a right only to "reasonable notice" of the rescheduled hearing. The notice provided by the appellees, 11 days in advance of the hearing, satisfies this requirement.

We overrule Williams's seventh issue and proceed to the merits of her appeal.

We review summary judgments *de novo*. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004); *Raynor v. Moores Mach. Shop, LLC*, 359 S.W.3d 905, 907 (Tex. App.—Houston [14th Dist.] 2012, no pet.). When the trial court grants summary judgment without specifying on what grounds, we will affirm if any of the grounds presented are meritorious. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000); *Raynor*, 359 S.W.3d at 907.

The appellees moved for summary judgment on traditional and no-evidence grounds. For both types of motions, we take as true all evidence favorable to the nonmovant, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See Joe,* 145 S.W.3d at 157 (traditional summary judgment); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (no-evidence summary judgment).

In a no-evidence summary judgment, the movant represents that there is no evidence of one or more essential elements of claims for which the non-movant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i). We sustain a no-evidence summary judgment when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to

the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of a vital fact. *King Ranch, Inc.*, 118 S.W.3d at 751. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1963)). On the other hand, more than a scintilla of evidence exists when reasonable and fair-minded people could differ in their conclusions based on the evidence. *Id.*

In a traditional summary judgment, the movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997). To be entitled to a traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Once a defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

## I. No-Evidence Summary Judgment

In her fourth, fifth, sixth, and eighth issues, respectively, Williams argues that the trial court erred by granting the appellees' no-evidence motion for summary judgment because (1) she raised a genuine issue of material fact regarding Bell's individual liability; (2) she raised a genuine issue of material fact regarding the appellees' liability under the promissory note; (3) the appellees did

7

not address her fraud claim; and (4) the motion was insufficient as a matter of law because it was conclusory.

In a no-evidence motion for summary judgment, the movant must specifically identify the elements for which there is no evidence. *Barzoukas v. Found. Design, Inc.*, 363 S.W.3d 829, 832 (Tex. App.—Houston [14th Dist.] 2012, pet. filed). To prevail on a suit for a promissory note, a plaintiff must prove: (1) the note in question; (2) the party sued signed the note; (3) the plaintiff is the owner or holder of the note; and (4) a certain balance is due on the note. *Dorsett v. Hispanic Hous. & Educ. Corp.*, 389 S.W.3d 609, 613 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

The appellees specifically identified the second element in their no-evidence motion for summary judgment. They did not dispute the existence of the note, Williams's ownership of the note, or the fact that a balance was due, only that "there is no evidence to support any claim asserted by [Williams] against Pastor Bell." In response, Williams offered a document purportedly showing that Christ Temple's corporate charter had been forfeited. Such a document has no bearing on Bell's liability on the note.[3]

An individual who signs a negotiable instrument is presumed to be personally liable on the note if he does not indicate that he is signing in a representative capacity. Tex. Bus. & Com. Code Ann. § 3.403(b) (Vernon 2002). However, when "the form of the signature shows unambiguously that the signature

---

[3] The record is not entirely clear, but it appears that a temporary forfeiture of Christ Temple's corporate privileges was caused by an administrative error within the Texas Comptroller's Office. Regardless of the cause, however, the corporate debts of a corporation that has forfeited its privileges are governed by the tax code. *See* Tex. Tax Code Ann. § 171.255(a) (Vernon 2011). Williams has not argued that Bell is liable under this provision.

is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument. Tex. Bus. & Com. Code Ann. § 3.402(b)(1) (Vernon 2002). A note signed "[corporation name] by [signer's name]" and followed by the signer's job title is prima facie evidence the signer is not personally liable. *See Wolf v. Little John Corp. of Liberia*, 585 S.W.2d 774, 776 (Tex. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

Here, Bell's signature appeared under Christ Temple's full name:

CHRIST TEMPLE OF DELIVERANCE CHURCH OF GOD IN CHRIST, INC. a Texas nonprofit corporation

/s/ *Destry C. Bell Sr.*

by Destry C. Bell, Sr., Pastor

This is evidence Bell signed the note in a representative capacity, and Williams has not presented evidence to the contrary. Accordingly, the trial court did not err by granting the appellees' no-evidence motion for summary judgment on the issue of Bell's personal liability on the note.

We overrule Williams's fourth issue.

The appellees' no-evidence motion was concerned solely with Bell's personal liability on the note. Therefore, issues of Christ Temple's liability on the note and Williams's fraud claim are wholly irrelevant. We overrule Williams's fifth and sixth issues.

With her sixth issue, Williams argues that the no-evidence motion for summary judgment was conclusory.

No-evidence motions for summary judgment must note the specific elements as to which there is no evidence; the rules do not authorize "conclusory motions or general no-evidence challenges to an opponent's case." Tex. R. Civ. P. 166a, cmt.

(1997). The purpose of the specificity argument is to provide the non-movant with fair notice of the matters on which it must produce some evidence. *Doherty v. Old Place, Inc.*, 316 S.W.3d 840, 843 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

We have already noted that the appellees' no-evidence motion specifically identified the issue of Bell's personal liability on the note. We reject the contention that the motion was conclusory.

We overrule Williams's eighth issue.

## II. Traditional Summary Judgment

### A. Usury

In her first issue, Williams argues that the trial court erred by granting the appellees' traditional motion for summary judgment because she raised a genuine issue of material fact on the appellees' counterclaim and affirmative defense of usury.

Usury is any charged interest, "in excess of the amount allowed by law." *First Bank v. Tony's Tortilla Factory, Inc.*, 877 S.W.2d 285, 287 (Tex. 1994). Contracts for usurious interest are contrary to public policy and prohibited by the Texas Constitution and Texas Finance Code. *See* Tex. Const. art. XVI, § 11; Tex. Fin. Code Ann. §§ 302.001(b), 305.001-.008 (Vernon 2011); *Sturm v. Muens*, 224 S.W.3d 758, 761 (Tex. App.—Houston [14th Dist.] 2007, no pet.). To prevail on a claim of usury, a party must prove (1) a loan of money, (2) an absolute obligation to repay the principal, and (3) the exaction of greater compensation than is allowed by law for the borrower's use of the money. *Sturm*, 224 S.W.3d at 761.

The basis for a usury action is a claim or demand for usury made by the creditor; the vehicle for the claim or demand is immaterial except as an evidentiary fact. *Danziger v. San Jacinto Sav. Ass'n,* 732 S.W.2d 300, 304 (Tex. 1987). A

usurious charge may be contained in an invoice, a letter, a ledger sheet or other book or document. *Id.* This rule has one well-settled exception: "A pleading by itself, even if it contains a claim for usurious interest, does not constitute a 'charge' of usurious interest for the purposes of the Texas usury statute." *D & S Kingsway Ventures v. Tex. Capital Bank-Richmond, N.A.*, 882 S.W.2d 573, 575 (Tex. App.—Houston [14th Dist.] 1994, no writ). This reflects the unique characteristics of the judicial process:

> Usury statutes are designed to correct abusive practices in consumer and commercial credit transactions, not to serve as a trap for the unwary pleader in a court proceeding. Pleadings serve to give a party notice of the issues as trial. Pleadings are addressed to the court, and only demand that the court grant judgment. There is no demand on the opposing party.

*George A. Fuller Co. of Tex., Inc. v. Carpet Servs., Inc.*, 823 S.W.2d 603, 605 (Tex. 1992) (citations omitted).

Here, the parties executed a promissory note for $34,000 with a 0% interest rate. After one payment of $2,833.83, Christ Temple failed to make any further payments. Williams filed suit, seeking "$93,132.15, plus accrued late fees as provided for in the note." In accordance with the rules of civil procedure, the appellees requested that Williams disclose, among other things, "the amount of economic damages and any method of calculating the damages." Williams answered, "93,132.14," but did not explain her calculations.

The appellees argue that Williams has demanded usury on two separate occasions: once in her original petition and again in her responses to requests for disclosure.

These claims are without merit. By itself, the original petition clearly cannot form the basis of the appellees' usury action. *See George A. Fuller Co.*, 823 S.W.2d at 603; *D & S Kingsway Ventures*, 882 S.W.2d at 575. We must determine whether the original petition, combined with responses to requests for disclosure,

11

constitutes a charge of usurious interest.  We hold that it does not.

We believe that this case presents an issue of first impression because it concerns a document sent directly to the appellees.  Existing case law relies, at least in part, on the fact that "[p]leadings are addressed to the court."  *See, e.g., George A. Fuller Co.*, 823 S.W.2d at 605; *Resolution Trust Corp. v. Ammons*, 836 S.W.2d 705, 711 (Tex. App.—Houston [1st Dist.] 1992, no writ) ("Since the summary judgment motion and supporting affidavit were in the nature of pleadings addressed to the court and only demand that the court grant judgment, we hold they do not constitute a charge [of] usurious interest.").

There is no question that Williams addressed her responses directly to the appellees instead of the court, but this fact is incidental to our analysis.  In our view, Williams did not demand $93,132.14 from the appellees when she responded to their request for disclosures; she merely gave the appellees further notice of the damages she was seeking in her suit.  The $93,132.14 figure was never mentioned outside of the court proceedings in this case.  This is the key factor in our analysis.

A demand that "arises from the judicial process rather than directly from a commercial or consumer transaction" does not constitute a charging under Texas usury laws.  *Briones v. Solomon,* 842 S.W.2d 278, 278 (Tex. 1992) (per curiam); *George A. Fuller Co.*, 823 S.W.2d at 605; *Hunt v. Baldwin*, 68 S.W.3d 117, 129 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  We conclude that Williams's claim for damages arises from the judicial process and does not constitute a charging under Texas usury laws.

We sustain Williams's first issue and reverse the trial court's order granting summary judgment on the usury issue and imposing statutory damages.  However, Williams has not moved for summary judgment on the usury issue in this appeal.  Therefore, we cannot render judgment, but must remand this portion of the case to the

trial court.

## B.    Suit on Note

In her second issue, Williams argues that the trial court erred by granting the appellees' traditional motion for summary judgment because she raised a genuine issue of material fact on her suit-on-note claim.

Summary judgments may only be granted upon the grounds expressly asserted in the summary judgment motion. Tex. R. Civ. P. 166a(c); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam). Granting a summary judgment on a claim not addressed in the summary judgment motion therefore is, as a general rule, reversible error. *G & H Towing Co.*, 347 S.W.3d at 297.

The only ground for summary judgment expressly asserted in the summary judgment motion was that the note was unenforceable because it charged usurious interest. As we have said above, the trial court erred by granting summary judgment on this basis.

We therefore sustain Williams's second issue and remand the case to the trial court for consideration of Williams's suit-on-note claim.

## C.    Fraud

In her third and ninth issues, Williams argues that the trial court erred by granting the appellees' traditional motion for summary judgment on her fraud claim because that claim was not addressed in the appellees' motion.

We agree. When the movant files a summary judgment motion and the non-movant then adds a new claim that is not addressed by the motion or by a subsequent motion, summary judgment properly may be granted only on the claims addressed in the motion. *See Lehmann*, 39 S.W.3d at 204.

13

We sustain Williams's third and ninth issues, and we remand the case to the trial court for consideration of Williams's fraud claim.

## CONCLUSION

We affirm the trial court's judgment with regard to Bell's personal liability; we reverse the trial court's finding that Williams charged usurious interest and its imposition of statutory damages. We also reverse the trial court's judgment insofar as it was granted on grounds not asserted in the motion for summary judgment, and we remand this case for proceedings in accordance with this court's opinion.


/s/    William J. Boyce
        Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.