# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00769-CV

---

**Paul Walker and Jennifer Walker, Appellants**

**v.**

**Patrick Dertien and Heather Dertien, Appellees**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-003268, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Paul and Jennifer Walker sued Patrick and Heather Dertien for breach of contract seeking to enforce deed restrictions in their Subdivision. The Dertiens counterclaimed for declaratory relief and initially requested attorney's fees. The trial court granted the Dertiens' motion for summary judgment, and the Dertiens subsequently nonsuited their claim for attorney's fees. The Walkers perfected this appeal. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The Walkers and Dertiens live in Section IV of The Homestead Subdivision in Bee Cave, Travis County, Texas. The present dispute arose when the Dertiens began preparations to subdivide their lot into three (later changed to two) lots. The Walkers objected to the proposed subdividing of the Dertiens' lot, claiming that it was forbidden by the Subdivision's restrictive covenants.

The Subdivision was platted in 1984 by its developer, The Homestead Corporation. In 1992 the developer recorded a document titled "Declaration of Covenants, Conditions and Restrictions for The Homestead Section IV Subdivision" in the Travis County Deed Records. For our purposes, the crucial provision in that document is Article IV(1), which reads as follows:

> Resubdivision.  No Lot shall be divided or resubdivided or cut into smaller parcels or tracts *unless such resubdivision is expressly approved in writing by majority vote of the Homeowners Association*.  Notwithstanding anything to the contrary herein, under no circumstances shall any resubdivision be approved unless (1) all Lots resulting from such resubdivision are one (1) acre in size and have adequate access, and (2) adequate utility easements are created.

(Emphasis added.)  Although this provision does not expressly name the referenced "Homeowners Association," Article VII(5) of the restrictive covenants does:  "All owners agree to abide by the Bylaws of the Homestead Section IV Homeowners Association, Inc."

The Dertiens received official approval to subdivide—or replat—their lot from the City of Bee Cave in August 2022.  It is undisputed that the lots created by the subdividing of their lot were at least one acre in size, had adequate access, and had adequate utility easements.  The only issue, therefore, involves the requirement that a proposed subdivision be "expressly approved in writing by majority vote of the Homeowners Association."  It is also undisputed, however, that the developer never organized or created any homeowners' association for the Homestead Section IV Subdivision.  As a result of this failing, the Dertiens pleaded the affirmative defense of impossibility in answer to the Walkers' suit.

As the Dertiens were proceeding with their plan to subdivide their lot in July and August 2022, the Walkers organized an effort, through their attorney, to create the homeowners' association that the developer never did.  At essentially the same time the Dertiens appeared before the City of Bee Cave Planning and Zoning Commission seeking a replatting of their lot, the

2

Walkers' attorney filed with the Texas Secretary of State, pursuant to Section 3.005 of the Texas Business Organizations Code, a "Certificate of Formation" seeking to create a corporation called the Homestead Section IV Homeowners Association, Inc. On this basis the Walkers assert that impossibility is not a viable defense because "the Section IV HOA did and does exist."

The Walkers' suit sought to enforce the Declaration's requirement that a lot could not be subdivided without a "majority vote of the Homeowners Association." The Dertiens asserted the affirmative defense of impossibility and also filed a counterclaim seeking a declaratory judgment that they had complied with all applicable requirements to subdivide their lot. The trial court granted summary judgment for the Dertiens without stating a specific basis for its ruling, although impossibility was the only basis stated in the Dertiens' motion for summary judgment.[1] The Walkers perfected this appeal.

## DISCUSSION

The legal standards for reviewing a summary judgment in Texas are well established:

> We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional motion for summary judgment, the movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Once a movant establishes a right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *Williams v. Bell*, 402 S.W.3d 28, 35 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Summary judgment evidence raises a genuine issue of fact if, in light of the evidence,

---

[1] The Dertiens also filed a plea to the jurisdiction, which the trial court denied.

reasonable and fair-minded jurors could differ in their conclusions. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

*McMurphy v. Moran*, No. 14-23-00543-CV, 2025 WL 1833386, at *3 (Tex. App.—Houston [14th Dist.] July 3, 2025, no pet. h.). This procedure applies to a motion for summary judgment based on any affirmative defense: "To establish entitlement to summary judgment based on an affirmative defense—like collateral estoppel—the defendant must conclusively establish each element of its affirmative defense. The nonmovant must then present evidence raising a fact issue." *First Sabrepoint Cap. Mgmt., L.P. v. Farmland Partners Inc.*, 712 S.W.3d 75, 84–85 (Tex. 2025) (citations omitted).

## I. Affirmative Defense of Impossibility

In their first issue, the Walkers contend the trial court erred in granting summary judgment in favor of the Dertiens based on their affirmative defense of impossibility.

### *Did the Walkers' Motion for Summary Judgment Conclusively Establish the Affirmative Defense of Impossibility?*

The Dertiens' motion for summary judgment presented evidence—the accuracy of which was not disputed—that the developer of the Homestead Section IV Subdivision never created a homeowners' association for the Subdivision and that the developer, the Homestead Corporation, was dissolved in 2004. The Dertiens contend that the absence of any homeowners' association made it impossible for them to comply with the requirement in the 1992 Declaration of Covenants that a "majority vote of the Homeowners Association" be obtained before they could subdivide their lot.

This Court has previously addressed a similar issue. In *Hollis v. Gallagher*, No. 03-11-00278-CV, 2012 WL 3793288 (Tex. App.—Austin Aug. 28, 2012, no pet.) (mem. op.),

4

the Gallaghers, who were residents of a subdivision governed by property restrictions, sought to construct a two-story house. The relevant restrictions required the approval of the developer prior to constructing a two-story dwelling. Although there had originally been two individual developers in the subdivision, at the time the Gallaghers were seeking to construct their two-story dwelling both developers had died. *See id.* at *1–2. In a suit brought by another subdivision resident seeking to prevent the construction, the Gallaghers asserted the affirmative defense of impossibility since it was not possible to obtain the approval of either of the deceased developers.

In recognizing the applicability of the impossibility doctrine to that circumstance, this Court quoted and relied on the Restatement (Second) of Contracts:

> Where, after a contract is made, a party's performance is made impractical without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary.

*Id.* at *4–5 (quoting Restatement (Second) of Contracts § 261 (1981)). Concluding that the Gallaghers had conclusively established the defense of impossibility, this Court affirmed the trial court's grant of summary judgment in their favor. *See id.* at *7.

As in *Hollis*, we conclude here that in the absence of a valid homeowners' association that had legal governance or control over the Homestead Section IV Subdivision, the Dertiens' summary judgment evidence conclusively established the defense of impossibility. Accordingly, the burden then shifted to the Walkers to present evidence raising a fact issue.

### *Did the Walkers' Asserted 2022 Creation of a "Homestead Section IV Homeowners Association, Inc." Raise a Fact Issue as to the Dertiens' Impossibility Defense?*

The Walkers' sole argument in opposition to the applicability of the impossibility defense is that their attorney created a valid and governing homeowners' association—the

5

"Homestead Section IV Homeowners Association, Inc."—in 2022 before the Dertiens completed the process of subdividing their lot. On this basis, the Walkers contend that approval by a "majority vote of the Homeowners Association" was indeed required before the Dertiens could subdivide their lot. We disagree.

First, to the extent the corporation apparently created by the Walkers' attorney in 2022 was intended to govern the lot owners in the Homestead Section IV Subdivision, the record contains no evidence that it was validly created to have its intended effect. Under the Texas Business Corporation Code, a "filing entity" includes "a domestic entity that is a corporation." Tex. Bus. Orgs. Code § 1.002(22). Therefore, the Homestead Section IV Homeowners Association, Inc. constituted a purported filing entity. To validly form a filing entity, a certificate of formation must be filed that lists each "organizer" for the filing entity. *Id.* §§ 3.001(a), .005(a)(7)(A). An "organizer" of a filing entity is defined as "[a]ny person having the capacity to contract for the person or for another." *Id.* § 3.004. The Certificate of Formation filed for the Homestead Section IV Homeowners Association, Inc. listed only the Walkers' attorney as the "Organizer" for the corporation, but the record contains no evidence that the attorney had the capacity to contract for the Dertiens or anyone else in the Subdivision.

Second, it appears that the Walkers' attorney's efforts to create Homestead Section IV Homeowners Association, Inc., even if they resulted in the valid creation of a nonprofit corporation, did not have the effect of creating a bona fide "property owners' association" as contemplated and required by Texas law. *See, e.g.*, Tex. Prop. Code § 201.005 (petition committee required for extension of term of, renewal of, or creation of certain restrictions); *id.* § 204.006 (setting out procedure for creation of property owners' association under certain circumstances).

6

Third, although the 1992 Declaration of Covenants did not specify who would create the official homeowners' association for the Subdivision, the only reasonable construction of the Declaration is that it would be created by the developer, The Homestead Corporation. The Declaration did not grant to anyone else the authority to create a homeowners' association. It is undisputed that The Homestead Corporation was formally dissolved in 2004.

Fourth, the Texas Property Code provides that "[a] property owners' association is a *designated representative* of the owners of property in a subdivision and may be referred to as a 'homeowners association' . . . ." *Id.* § 204.004(a) (emphasis added). The record here contains no evidence that the Walkers were the "designated representative[s]" of any of the lot owners in The Homestead Section IV Subdivision beyond, perhaps, the others who were listed on the Certificate of Formation of the 2022 Homestead Section IV Homeowners Association, Inc. It is undisputed that none of the signers of that Certificate were authorized representatives of the Dertiens.

Finally, and perhaps most important for this case, the 2022 Certificate of Formation for the Homestead Section IV Homeowners Association, Inc. specified that "[t]he corporation will not have members." The Texas Property Code, however, provides that the membership of a property owners' association "consists of the owners of property within the subdivision." *Id.*; *see also id.* § 202.001(2) ("'Property owners' association' means an incorporated or unincorporated association owned by or whose members consist primarily of the owners of the property covered by the dedicatory instrument . . . ."). This Court fails to see how a "majority vote of the Homeowners' Association" (i.e., of the *members* of the homeowners' association) could be obtained when the incorporated association—even if validly formed—has no members.

Accordingly, because the asserted 2022 creation of the "Homestead Section IV Homeowners Association, Inc." could not have had the effect of requiring a "majority vote of the

7

Homeowners Association" to approve the Dertiens' subdividing of their lot, we conclude that the Walkers failed to raise a fact issue preventing the Dertiens' application of the affirmative defense of impossibility.

## II.     Declaratory Judgment

In their second issue, the Walkers contend the trial court erred in granting summary judgment to the Dertiens on their request for a declaratory judgment. In their motion for summary judgment, the Dertiens sought a declaratory judgment that their property was "replatted in accordance with the Declaration." The Walkers complain that the granting of declaratory relief was improper because the requested declaratory relief was already in issue before the court through their own claim for breach of contract.

It is true that a party may not "use the [Declaratory Judgments] Act as a means to obtain attorney's fees it would not otherwise be entitled to recover." *Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 268 (Tex. 2021). But here the Dertiens nonsuited their claim for attorney's fees. In the absence of a claim for declaratory relief that is "tacked onto" a standard suit in an attempt to obtain an award of attorney's fees, a party has the right to seek relief under the Declaratory Judgments Act. *See id.* at 268–69; *see also* Tex. Civ. Prac. & Rem. Code § 37.004. And in light of our holding that the affirmative defense of impossibility effectively eliminated "majority vote of the Homeowners Association" from the Declaration's requirements, and because it is undisputed that the Dertiens satisfied the other requirements contained in the Declaration for subdividing a lot, the trial court did not err in implicitly declaring that the Dertiens' lot was replatted in accordance with the Declaration.

## CONCLUSION

Having concluded that the Dertiens conclusively established the affirmative defense of impossibility, that the Walkers did not raise a fact issue regarding that defense, and that declaratory relief was available to the Dertiens under the circumstances of this case, we affirm the judgment of the trial court.

_____

J. Woodfin Jones, Justice

Before Justices Theofanis, Crump, and Jones*

Affirmed

Filed:   July 31, 2025

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment.  See Tex. Gov't Code § 74.003(b).