# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00478-CV

**Nicholas Cruz, Appellant**

**v.**

**Rosalinda Bazan, Appellee**

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. 21-3013, THE HONORABLE KARL HAYS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Rosalinda Bazan filed a petition for divorce from Nicholas Cruz; Cruz filed a counterpetition. Bazan filed a motion for partial summary judgment seeking a ruling that certain real property that had previously been Cruz's separate property had been converted to community property by a deed Cruz signed during the marriage. The trial court granted the motion and signed an order specifically finding the property to be community property. The court later signed a final divorce decree in which the court awarded the property in question to Bazan as her "sole and separate property" and divested Cruz of any "right, title, and interest" in it. Because Bazan concedes that the property was Cruz's separate property before the signing of the deed, and because we hold that Bazan's summary-judgment evidence does not conclusively show that the deed converted the property to community property, we reverse the trial court's judgment and remand the case to that court.

**FACTUAL AND PROCEDURAL BACKGROUND**

Cruz and Bazan were married in July 2020. Bazan filed a petition for divorce in December 2021. Cruz owned certain real property in Kyle, Texas, which, as Bazan concedes, was his separate property. On March 19, 2021, during the marriage, Cruz apparently signed a general warranty deed purporting to convey the property from "Nicholas Andrew Cruz, a single man" to "Nicholas Andrew Cruz, a married man," for "$10.00 and other good and valuable consideration."

Based on this deed, which Cruz does not deny signing, Bazan moved the trial court to grant a partial summary judgment that the property had thereby been converted to community property. In addition to an alleged copy of the deed, Bazan submitted as summary-judgment evidence an affidavit from her attorney stating as follows in pertinent part:

> I have personal knowledge of the facts stated herein and I swear under penalty of perjury that they are true and correct.
> I am the attorney of record for Rosalinda Bazan in the above styled matter. During the course of the litigation, I received a printout from opposing counsel that was from the Hays County Appraisal District. That document referenced two deeds in which the Respondent herein was the grantee. Neither deed had been, or has been to this date, produced in discovery, despite being required as an initial disclosure and requested in a request for production.
> I sent Ms. Bazan to the Hays County Courthouse to pick up the last deed, a general warranty deed, in the chain of title dated March 19, 2021. After reviewing the deed it became apparent that the community purchased the property during the marriage and the real property described in the deed is community property.

Cruz did not file a response to Bazan's motion and did not object in the trial court either to the document purporting to be the relevant deed or to the affidavit of Bazan's attorney.

The trial court signed a summary-judgment order declaring that the referenced property "is community property and is subject to a just and right, fair and equitable division on the day of divorce." Based on that summary-judgment order, the court later signed a final

judgment decreeing that the property was Bazan's "sole and separate property" and divesting Cruz of "all right, title, interest, and claim in and to that property." Cruz perfected this appeal.

## DISCUSSION

The parties agree that the trial court's partial summary-judgment ruling was the underpinning for the subsequent decree divesting Cruz of his interest in the property. The legal standards for reviewing a summary judgment in Texas are well established:

> We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional motion for summary judgment, the movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Once a movant establishes a right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *Williams v. Bell*, 402 S.W.3d 28, 35 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Summary judgment evidence raises a genuine issue of fact if, in light of the evidence, reasonable and fair-minded jurors could differ in their conclusions. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

*McMurphy v. Moran*, No. 14-23-00543-CV, 2025 WL 1833386, at *3 (Tex. App.—Houston [14th Dist.] July 3, 2025, no pet.) (mem. op.).

Cruz raises two complaints on appeal. In his first issue, Cruz argues that the relevant deed is not competent summary judgment evidence because it was not authenticated. He also argues that Bazan's attorney's affidavit does not contain evidence identifying the deed or even tying it to the facts of this case. In his second point, Cruz argues that the attached deed, even if it constituted admissible evidence, did not show conclusively that it had the effect of converting the property in question to community property.

3

Bazan responds initially by arguing that her motion for summary judgment was a "no-evidence" motion, thus putting the burden on Cruz to "produce[] summary judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166a(i). In response, Cruz argues that the motion was not in fact a no-evidence motion. We agree with Cruz.

Bazan's motion for summary judgment did not reference Rule 166a(i) and did not state the elements of Cruz's case for which she claimed there was no evidence. *See* Tex. R. Civ. P. 166a(i) ("The motion must state the elements as to which there is no evidence."). We conclude that the motion was not a no-evidence motion for summary judgment. *See Community Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695–96 (Tex. 2017) ("Rule 166a(i) of the Texas Rules of Civil Procedure requires that a no-evidence motion specifically state the element or elements for which there is no evidence. TEX. R. CIV. P. 166a(i). We have called for strict enforcement of this requirement.").

Accordingly, to obtain summary judgment Bazan had the burden to prove the elements of this issue as a matter of law. *See Fleming v. Wilson*, 694 S.W.3d 186, 190 (Tex. 2024) ("On a traditional motion for summary judgment, the movant . . . must conclusively prove every essential element of his claim or defense as a matter of law."). The movant's burden remains the same even if the non-movant does not respond to the motion at all: "The non-movant has no burden to respond to or present evidence regarding the motion until the movant has carried its burden to conclusively establish the cause of action or defense on which its motion is based." *Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 252 (Tex. 2023).

As to Cruz's first issue, he admits that he did not object in the trial court to the alleged lack of authentication of the deed and affidavit. Bazan correctly points out that only defects in *substance* as to summary-judgment evidence can be raised for the first time on appeal, whereas

defects in *form* must be objected to in the trial court to preserve error. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018). In response, Cruz asserts that the lack of authentication as to Bazan's summary-judgment evidence was so complete that it constituted a defect of substance that could be raised for the first time on appeal. Because our disposition of Cruz's second issue is dispositive of this appeal, we will not address the merits of his first issue. *See* Tex. R. App. P. 47.1.

As to Cruz's second issue, he asserts in a broad appellate point that the deed and affidavit do not prove as a matter of law that the deed effectuated a transfer of the property from his separate estate to the community estate, thereby converting the property into community property. We agree.

Bazan concedes that the property was Cruz's separate property before execution of the March 19, 2021 deed. She argues, however, that the deed evidenced a change in ownership, from "Cruz, a single man," to "Cruz, a married man." She argues that this language converted his separate property into community property.

That the deed was dated while the parties were married is not disputed. What is not clear is whether the deed effected any change in ownership.

We note at the outset that like all presumptions, the presumption that property obtained or possessed during marriage is part of the community estate does not apply in a summary-judgment proceeding. *See Chavez v. Kansas City S. Ry.*, 520 S.W.3d 898, 899 (Tex. 2017) ("At trial, a presumption operates to establish a fact until rebutted, . . . but not in summary judgment proceedings."); *Missouri-Kansas-Tex. R.R. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex. 1981) ("The presumptions and burden of proof for an ordinary or conventional trial are immaterial to the burden that a movant for summary judgment must bear.").

5

"Property is characterized as separate or community at the time of the inception of title. The inception of title doctrine fixes the character of certain property interests when a party first acquires a right or claim to the property." *Pace v. Pace*, 160 S.W.3d 706, 711 (Tex. App.—Dallas 2005, pet. denied). Thus, the property in question here remained Cruz's separate property during the marriage unless that characterization was changed by virtue of the March 19, 2021 deed. *See id.* ("Property owned or claimed by a spouse before marriage remains that spouse's separate property during and after the marriage.").

Bazan asserts that Cruz, "a married man," acquired the property during the marriage, thus making it community property. But an essential factor in determining whether property acquired during marriage is separate or community is what funds were used to make the purchase. Separate property retains its character as separate property even if it is used to acquire different property. *See Pace*, 160 S.W.3d at 711 ("Property purchased during the marriage with separate funds is separate property."). Thus, if one spouse uses funds that are his or her separate property to purchase property during the marriage, the purchased property takes on the character of those funds and therefore is also separate property. *Cockrell v. Cockrell*, No. 08-24-00096-CV, 2025 WL 1085581, at *3 (Tex. App.—El Paso Apr. 10, 2025, no pet.) (mem. op.) ("[I]f one spouse uses funds from an inheritance (separate property) to purchase real property during the marriage, the real property takes on the character of those funds and is also separate property.").

In the present case, the March 19, 2021 deed stated that the consideration for the "sale" from Cruz to himself was "the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to Grantor in hand paid by NICHOLAS ANDREW CRUZ, A MARRIED MAN." But neither the deed nor Bazan's attorney's affidavit indicates whether that consideration came from community funds or Cruz's separate funds. If it came from community

6

funds, the transaction may have either transformed the ownership of the property into community property or created a right of reimbursement for the community. But if the funds came from Cruz's separate funds, the property would undisputably have remained Cruz's separate property. The summary-judgment evidence submitted by Bazan did not contain any evidence in that regard, much less conclusive evidence.

The summary-judgment evidence submitted by Bazan therefore does not show conclusively that the property in question was no longer Cruz's separate property after the deed was signed. If it was still his separate property, it would be error to divest him of his interest in it: "[I]mproperly divesting a party of their interest in separate property is reversible error as a matter of law without the need to conduct a harm analysis." *DeSpain v. DeSpain*, 704 S.W.3d 866, 870 (Tex. App.—Austin 2024, no pet.).

**CONCLUSION**

Because the evidence in support of Bazan's motion for summary judgment did not conclusively prove that the real property in question had been converted from Cruz's separate property to community property, Bazan did not carry her summary-judgment burden. Accordingly, the trial court erred in granting summary judgment declaring the property to be community property and, based on that order, later decreeing that it was Bazan's "sole and separate property" and divesting Cruz of "all right, title, interest, and claim" to it. We reverse the trial court's divorce decree as to the property division and remand that portion of the case to that court for further proceedings.[1]

---

[1] "[A]lthough the division of the community estate may be reversed and remanded on appeal, the marital status of the parties is not extended beyond the date of the original decree of

7

_____

J. Woodfin Jones, Justice

Before Justices Triana, Theofanis, and Jones*

Reversed and Remanded

Filed:   November 14, 2025

*Before J. Woodfin Jones, Chief Justice (Ret.), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

_____

divorce . . . . A remand merely for division of the property, in other words, does not prolong the marriage relationship until the decree is final after the remand." *Herschberg v. Herschberg*, 994 S.W.2d 273, 276–77 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.).