# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00035-CV

---

**Five Hills Investors, LLC, Appellant**

**v.**

**Fort Hood Homesteads, LLC, Appellee**

---

### FROM THE 169TH DISTRICT COURT OF BELL COUNTY
### NO. 21DCV327732,
### THE HONORABLE CARI L. STARRITT-BURNETT, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Fort Hood Homesteads, LLC, sued Five Hills Investors, LLC, and Daniel J. Curtis, alleging causes of action for fraud, statutory fraud, and breach of contract relating to a contract for the sale of real property. Fort Hood filed a motion for partial summary judgment as to its fraud and statutory fraud claims. The trial court granted the motion, awarding Fort Hood $260,000 in damages and $12,300 in attorney's fees against Five Hills. Although it did not mention Fort Hood's claims against Daniel J. Curtis or specifically address Fort Hood's breach-of-contract claim against Five Hills, the court's judgment contained language indicating that it was a final, appealable judgment. Shortly thereafter, Fort Hood nonsuited its claims against Curtis. Five Hills perfected this appeal, complaining of a lack of conclusive evidence as to both fraud and damages. Concluding that the record lacks conclusive evidence of fraud and statutory fraud, we will reverse and remand to the trial court without considering the issue of damages.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 7, 2021, Five Hills, as buyer, entered into a contract with Curtis and his former wife to purchase certain real property in Killeen, Texas for the sum of $260,000. The closing date was listed as "September 07-2021 or before." On July 12, 2021, Five Hills assigned all its rights in that contract to Fort Hood. The assignment agreement ended by stating: "Contract is valid until 08/30/2021."

On September 8 Curtis contacted Five Hills and requested and agreed to termination of the contract. On September 10, Five Hills published a "Notice of Buyer's Termination of Contract," which stated:

> Buyer notifies Seller that the contract is terminated pursuant to the following:
> Seller(s) is going through a divorce and spouse is not willing to sell said property.
> Plus, the seller(s) did not provide seller disclosure form.

Fort Hood objected to the cancellation of the sales contract. The sale did not proceed, and Fort Hood subsequently filed this suit against Five Hills and Curtis.

Fort Hood filed a motion for partial summary judgment as to its fraud and statutory fraud claims, asserting that "Defendant Curtis was informed by Defendant Five Hills Investors, LLC not to close, falsely representing itself as continuing to be the buyer." It is Five Hills' representation that it was still the buyer, made in the Notice of Buyer's Termination of Contract, that Fort Hood relies on as the basis for its fraud and statutory fraud claims. The trial court granted the motion, signing a "Final Judgment." The judgment neither mentioned Fort Hood's claims against Curtis nor addressed Fort Hood's claim for breach of contract. Nonetheless, the judgment contained sufficient finality language to make it a final, appealable judgment, which the parties do not contest. Fort Hood later nonsuited its claims against Curtis. Five Hills perfected this appeal.

2

**DISCUSSION**

The legal standards for reviewing a summary judgment in Texas are well established:

> We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional motion for summary judgment, the movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Once a movant establishes a right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *Williams v. Bell*, 402 S.W.3d 28, 35 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Summary judgment evidence raises a genuine issue of fact if, in light of the evidence, reasonable and fair-minded jurors could differ in their conclusions. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

*McMurphy v. Moran*, No. 14-23-00543-CV, 2025 WL 1833386, at *3 (Tex. App.—Houston [14th Dist.] July 3, 2025, no pet.) (mem. op.).

One of the elements of a fraudulent-misrepresentation claim is a material misrepresentation. *Boeing Co. v. Southwest Airlines Pilots Ass'n*, 716 S.W.3d 140, 151 n.19 (Tex. 2025). As stated above, Fort Hood relies on Five Hills' statement that it was the buyer when Five Hills published a cancellation notice on September 10, 2021. Fort Hood argues that "Defendant Curtis failed to close the property due to Appellant's false representations that it continued to be the buyer and did not wish to close under the contract." But who the buyer was on September 10 depends on the meaning to be given the statement in the assignment agreement that "Contract is valid until 08/30/2021." If the assignment agreement was no longer valid after August 30, then Five Hills was arguably again the buyer. And if that is the case, Five Hills' representation on September 10 that it was the buyer was not a false statement.

3

We need not decide if that is the *only* reasonable construction that could be given the referenced statement. We conclude only that such a reading is *one* reasonable interpretation of it. And if the statement is deemed to be ambiguous in that regard, such ambiguity would render its correct interpretation a question of fact: "If the contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, . . . the contract is ambiguous, creating a fact issue on the parties' intent." *Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 257 (Tex. 2023) (quoting *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 874 (Tex. 2018)). The existence of a material fact issue makes summary judgment improper. *J. Hiram Moore, Ltd. v. Greer*, 172 S.W.3d 609, 614 (Tex. 2005) ("Given the deed's ambiguity, the trial court erred in granting summary judgment.").

## CONCLUSION

Having concluded that the record evidence does not demonstrate that Fort Hood is entitled to judgment as a matter of law, we reverse the trial court's summary judgment and remand the case to that court for further proceedings.

_____

J. Woodfin Jones, Justice

Before Justices Theofanis, Ellis, and Jones*

Reversed and Remanded

Filed: January 8, 2026

*Before J. Woodfin Jones, Chief Justice (Ret.), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

4